07-60472

Page 2

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District-Southern District of Florida |
|---|---|

| Name (under which you were convicted): FRED CARSWELL, III | Docket or Case No.: 03- 60264 CR Altonaga |
|---|---|

| Place of Confinement: Coleman USP-1, P.O. Box 1033 Coleman, Florida 33521-1033 | Prisoner No.: 63439-004 |
|---|---|

UNITED STATES OF AMERICA

v.

FRED CARSWELL, WHITE

MAGISTRATE JUDGE

FILED BY _____ D.C.

APR - 2 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## MOTION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:
    United States District Court for the Southern District of Florida
    U.S. District Judge Cecilia Altonaga presiding throughout

    (b) Criminal docket or case number (if you know): 03-60264-CR-ALTONAGA

2.  (a) Date of the judgment of conviction (if you know): November 24, 2004 [DE#180]

    (b) Date of sentencing: March, 17, 2005

3.  Length of sentence: 360 months imprisonment

4.  Nature of crime (all counts): [1]Conspiracy to possess 50 grams or more of cocaine; [2] Possession with intent to distribute five or more grams of cocaine base; [4]Possession with intent to distribute five grams or more of cocaine base; [5]Possession with intent to distribute five or more grams of cocaine base; and [6]Possession with intent to distribute five or more grams of cocaine base, all in violation of 21 U.S.C. §841-§846.

5.  (a) What was your plea? (Check one)
    (1) Not guilty ■        (2) Guilty ☐        (3) Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

    _____

    _____

    _____

6.  If you went to trial, what kind of trial did you have? (Check one)   Jury ■   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ■    No ☐

8. Did you appeal from the judgment of conviction?    Yes ■    No ☐

9. If you did appeal, answer the following:

    (a) Name of court: U.S. Court of Appeals for the Eleventh Circuit

    (b) Docket or case number (if you know): 05-11952-AA

    (c) Result: Affirmed judgment of conviction and sentence.

    (d) Date of result (if you know): June 6, 2006.

    (e) Citation to the case (if you know): _____

    (f) Grounds raised: _____

    (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ■    No ☐

    If "Yes," answer the following:

    (1) Docket or case number (if you know): 06-7587

    (2) Result: Denied

    (3) Date of result (if you know): December 4, 2006.

    (4) Citation to the case (if you know): _____

    (5) Grounds raised: _____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☐    No ■

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❏  No ❏

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❏  No ❏

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:       Yes ❏   No ❏

(2) Second petition:    Yes ❏   No ❏

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE: Movant Carswell's conviction violates the Double Jeopardy Clause by exception of an evidenced "sham prosecution" underlying.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Movant Carswell maintains that his conviction violates the Double Jeopardy Clause, violative of the Fifth Amendment, by exception of the underlying federal prosecution being a "sham prosecution", as said federal prosecution unequivocally was a tool of Carswell's prior state prosecution for related criminal charges; and both trial and appellate counsel were ineffective for failing to properly brief the issue of the "sham prosecution" before the trial court with arguments and points of authority in support, as well as for failing to brief the issue on Carswell's behalf during the pendency of Carswell's direct appeal with the Eleventh Circuit.
* This is a substantive Fifth Amendment Claim, relying upon ineffective assistance of counsel to excuse any availed procedural defaults hereof.

(b) **Direct Appeal of Ground One:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ❑   No ❑
  (2) If you did not raise this issue in your direct appeal, explain why: Movant Carswell requested appellate counsel to brief this issue on Carswell's behalf during the pendency of Carswell's direct appeal to no avail.

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ❑   No ❑
  (2) If your answer to Question (c)(1) is "Yes," state:
  Type of motion or petition: _____
  Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____

GROUND TWO: Movant Carswell's conviction was obtained in violation of the Sixth Amendment through the use of false and perjured trial testimony.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Movant Carswell maintains that his conviction was obtained in violation of the Sixth Amendment of the United States Constitution where said conviction was obtained merely through the government's use of false and perjured trial testimony against and incriminating Movant Carswell that said government and its agents knew were false and misleading to the jury, coupled with the government's intentional failure to correct this false and perjured testimony upon its inception throughout the trial during direct examinations and cross-examinations of its governmental witnesses.

Both trial and appellate counsel were ineffective for failing to breach this perjured testimony during the trial, and brief same on direct appeal.

(b) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why: Movant Carswell made successive requests of counsel to raise this issue on Carswell's behalf on direct appeal to no avail.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND THREE:** Movant Carswell was denied his Sixth Amendment right to conflict-free assistance of counsel during the underlying proceedings.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Movant Carswell maintains that he was denied his Sixth Amendment right to conflict-free representation/assistance of counsel during the underlying criminal trial proceedings, where Attorney Joseph W. Gibson, Jr.'s trial and pre-trial representation of Movant Carswell was hindered, sacrificed and grossly deficient due to Attorney Gibson's loyalty to one "Jamir Mills" throughout Carswell's prosecution. The record supports Carswell's instant contention that "Jamir Mills" was identified during the investigation of which Carswell's prosecution derived as a main supplier for the alleged Carswell organization. The record further supports Carswell's contention that Attorney Gibson harbored a conflict against Carswell during the trial.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❏   No ❏

(2) If you did not raise this issue in your direct appeal, explain why: Movant Carswell requested appellate counsel to brief this issue on direct appeal to no avail, although letters against Gibson were filed by appellate counsel.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❏   No ❏

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND FOUR:** Trial counsel was cumulatively ineffective to the brink of denying Movant Carswell a fair trial, violative of the Sixth Amendment.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Movant Carswell maintains that trial counsel was cumulatively ineffective to the brink of denying Carswell his Sixth Amendment right to a fair trial as well as effective assistance of counsel during said fair trial, wherein trial counsel (1) failed to investigate; (2) failed to subpoena critical witnesses exculpatory to Carswell to testify during the trial; (3) failed to show the surveillance audio tape of surveilling agents in its entirety before the jury; (4) failed to strike an impartial juror from Movant

Carswell's jury panel; (5) failed to effectively impeach government witnesses; and (6) failed to object to the court's amendment of indictment.

(b) Direct Appeal of Ground Four:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐ No ☐

    (2) If you did not raise this issue in your direct appeal, explain why: Movant Carswell again requested appellate counsel to brief these issues on Carswell's direct appeal to no avail.

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐ No ☐

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐   No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐   No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐   No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: The Double Jeopardy Clause violation claim herein, as well as the Perjured Testimony claim raised herein were not previously so presented in federal court because Carswell was represented by counsel throughout the duration of all underlying criminal and appellate proceedings, and said counsels refused to raise and/or brief the issues as requested by Carswell. Counsel further advised Carswell that issues pertinent ineffective assistance of counsel are §2255 matters.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ☐   No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Joseph W. Gibson, Jr.
19 W. Flagler Street, Miami, Florida 33130

(b) At arraignment and plea: Joseph W. Gibson, Jr.
19 W. Flagler Street, Miami, Florida 33130

(c) At trial: Joseph W. Gibson, Jr.
19 W. Flagler Street, Miami, Florida 33130

(d) At sentencing: Gregory Curtis
P.O. Box 140311, Miami, Florida 33114-0612

Page 12

(e) On appeal: <u>Philip Robert Horowitz , Suite 1910 Two Datran Center</u>
<u>9130 S. Dadeland Boulevard, Miami, Florida 33156</u>

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?　　Yes ❑ No ❑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?　　Yes ❑ No ❑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?　　Yes ❑　No ❑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

   A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —

      (1) the date on which the judgment of conviction became final;

      (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

      (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief: _____

_____

_____

or any other relief to which movant may be entitled.


_____

Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _3_ _28-07_ (month, date, year).


Executed (signed) on _March 28-07_ (date).


_H̶arswell 3_____

Signature of Movant


If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

_____

_____


IN FORMA PAUPERIS DECLARATION

_____

[Insert appropriate court]

* * * * *

# APPENDIX "A"

AO 89 (Rev. 7/95) Subpoena in a Criminal Case

# United States District Court
## Southern District of Florida

CASE NUMBER: 03-60264CR-ALTONAGA

UNITED STATES OF AMERICA

**SUBPOENA IN A CRIMINAL CASE**

V.

FRED CARSWELL, III

TO: Sandra Estenoz, Monitoring Officer
Pre-Trial Release
540 SE 3rd Avenue, Suite 201
Ft. Lauderdale, FL 33301

☒ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | The Hon. William Turnoff US Federal Courthouse 300 North Miami Avenue Miami, FL | COURTROOM | X |
|---|---|---|---|
| | | DATE AND TIME | December 5, 2003 10:00a.m. |

☒ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

Your monitoring logs for Fred Carswell, III, pertaining to Case No: 02-19950 from September 12, 2003 to November 21, 2003.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE | December 3, 2003 |
|---|---|---|
| (BY) DEPUTY CLERK | | |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER

Joseph W. Gibson, Esq.   (305) 377-2525
19 West Flagler Streetm Suite 311, Miami, FL 33130

**BROWARD COUNTY**
**SHERIFF'S OFFICE**
**PRETRIAL SERVICES PROGRAM**

## WARRANT AND REVOCATION FOR
## VIOLATION OF PRETRIAL RELEASE

Defendant: **FRED CARSWELL**   DOB: **09-17-73**     Case#: **0219950CF10A**
                                SS#: **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**       BCCN: **106104**

| Race: | **BLACK** | Eye Color: | **BROWN** | Last Address: | **5234 FLAGLER STREET** |
| Sex: | **MALE** | Hair Color: | **BROWN** | | **HOLLYWOOD, FL** |
| Height: | **602** | In Custody? | **YES** | Telephone: | **954-983-8442** |
| Weight: | **260** | | | Other Info: | |

Pretrial Officer: **SANDRA ESTENOZ**
In the name of the State of Florida, to All and Singular the Sheriffs of the State of Florida:

WHEREAS, the above-named Pretrial Release Officer has declared that the above-named defendant
hereinafter referred to as the defendant, was released to Broward County Pretrial Services Program on
**12-13-02**, for the offense **ATTEMPTED MURDER** conducted him,self, but has violated the conditions of
release in a material respect by:

**VIOLATION OF CONDITION (9) ORDER OF PRETRIAL RELEASE (ELECTRONIC MONITORING), by**
**violating the law, in that between on or about September 12, 2003, until on or about November 21,**
**2003, in Broward County, in the Southern District of Florida, Defendant did knowingly and**
**intentionally combine, conspire, confederate and agree with each other and with other persons**
**known and unknown to the grand jury to possess with intent to distribute a Schedule II Controlled**
**Substance, i.e., fifty (50) grams or more of a mixture and substance, containing a detectable**
**amount of cocaine base, commonly known as "crack cocaine," a violation of Title 21, United**
**States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Sections 846 and**
**841(b)(1)(A) as evidenced by Federal indictment dated December 2, 2003.**

**VIOLATION OF CONDITION (9) ORDER OF PRETRIAL RELEASE (ELECTRONIC MONITORING), by**
**violating the law, in that on or about September 26, 2003, in Broward County, in the Southern**
**District of Florida, the defendant did knowingly and intentionally possess with intent to distribute**
**a Schedule II controlled substance, that is, five (5) grams or more of a mixture and substance**
**containing a detectable amount of cocaine base, commonly known as "crack cocaine," in violation**
**of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B) and Title 18, United States Code,**
**Section 2, as evidenced by Federal indictment dated December 2, 2003.**

**VIOLATION OF CONDITION (9) ORDER OF PRETRIAL RELEASE (ELECTRONIC MONITORING), by**
**violating the law, in that on or about October 23, 2003, in Broward County, in the Southern District**
**of Florida, the defendant did knowingly and intentionally possess with intent to distribute a**
**Schedule II controlled substance, that is five (5) grams or more of a mixture and substance**
**containing a detectable amount of cocaine base, commonly known as "crack cocaine," in violation**
**of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code,**
**Section 2, as evidenced by Federal indictment dated December 2, 2003.**

**VIOLATION OF CONDITION (9) ORDER OF PRETRIAL RELEASE (ELECTRONIC MONITORING), by**
**violating the law, in that on or about November 6, 2003, in Broward County, in the Southern**
**District of Florida, the defendant did knowingly and intentionally possess with intent to distribute**
**a Schedule II controlled substance, that is fifty (50) grams or more of a mixture and substance**
**containing a detectable amount of cocaine base commonly known as "crack cocaine," in violation**
**of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code,**
**Section 2, as evidenced by Federal indictment dated December 2, 2003.**

A TRUE COPY
Circuit Court Seal

THEREFORE, I hereby revoke the release and command you to arrest the defendant, and bring him before me to be dealt with according to law.

Given under my hand and seal this ____4/h____ day of December, 2003.

JUDGE ALEMAN
Circuit Court in and for Broward County

BOND AMOUNTS:   I.$ _No Bond_   II.$ _____   III.$ _____   IV.$ _____

Original: Clerk of the Court            Copies to: State Attorney, Defense Attorney, Pretrial Services

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-60264-CR-ALTONAGA(s)

UNITED STATES OF AMERICA,          )
                                    )
            Plaintiff,              )
                                    )
v.                                  )
                                    )
                                    )
FRED CARSWELL,                      )
                                    )
            Defendant.              )
_____/

### UNITED STATES' PROPOSED
### VOIR DIRE QUESTIONS

The United States of America respectfully requests the Court to include in its voir dire the attached questions in addition to the questions usually asked by the Court.  The Government also requests that leave be granted to orally tender such supplement questions as may be necessitated by the answers of the prospective jurors.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By: _____
    ROGER W. POWELL
    ASSISTANT UNITED STATES ATTORNEY
    Florida Bar No. 341411
    500 East Broward Blvd, 7th Floor
    Fort Lauderdale, Florida 33394
    Telephone: (954) 356-7255
    Facsimile: (954) 356-7336

1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was hand delivered this 15th day of _November_, 2004, to: Joseph W. Gibson, Esquire, Suite 720, 10 West Flagler Street, Miami, Florida, 33130.

ROGER W. POWELL
Assistant United States Attorney

2

## PROPOSED VOIR DIRE QUESTIONS

1. Have any of you, your relatives or your close friends had any contact with law enforcement officials which might prejudice you against law enforcement?

2. Have any of you had any unpleasant experience with a government agency that would cause you to be prejudiced against the government?

3. This case was investigated by the United States Drug Enforcement Administration. Have you or any family members or close friends, to the best of your knowledge, had any experience with these offices or agencies that would or could prejudice you either for or against the government?

4. Have you now, or do you expect to have, a case against or a claim against or a dispute with the United States Government? Is there anything about that proceeding that you found upsetting or troubling in any way?

5. Do any of your relatives or close friends have now, or expect to have, a case against or a claim against or dispute with the United States?

6. Do each of you understand that regardless of any personal feelings or opinions you have about this case, that you must accept the law regarding it from the Court?

7. Will each of you follow this rule?

8. If your idea about the law does not square with the Court's instructions in the law are you able and willing to put aside your own ideas about what the law is or ought to be?

9. Is there any reason why it would be difficult for any of you to render a guilty verdict in this case assuming you are ultimately convinced of the defendant's guilt beyond a reasonable doubt?

10.     Have you, your relatives or your close friends ever been arrested? If so, what were the circumstances?

     a.     If any potential juror answers this question in the affirmative, the government respectfully requests that the Court question the potential juror regarding the circumstances, in private, at the bench, so as to avoid embarrassment to the potential juror.

     b.     Circumstances, results, satisfaction with results?

11.     Have you, your relatives or your close friends ever been charged with a criminal offense?

     a.     If any potential juror answers this question in the affirmative, the government respectfully requests that the Court question the potential juror regarding the circumstances, in private, at the bench, so as to avoid embarrassment to the potential juror.

     b.     Circumstances, results, satisfaction with results?

12.     The Government expects to call the following witnesses on behalf of the government. [United States Attorney or Court should read the witness list.] Do any of you know any of these individuals?

13.     Do you or any of you relatives or close friends work in any drug treatment centers or programs? If so,

     a. What programs?

     b. The type of drug abuse is treated by the center?

     c. Whether that work would tend to influence you in any way when considering this case?

14.     Does any member of the prospective jury conscientiously disagree with the laws that prohibit the use of drugs such as crack cocaine or powder cocaine which are illegal?

15.     Does any member of the prospective jury believe that a person should be able to make their own choice as to whether they wish to use illegal drugs such as crack cocaine or powder cocaine?

16. Do any of you have beliefs, feelings or opinions that any of the drug laws should not be enforced?

17. Does any member of the prospective jury know anyone who has used any illegal drug such as crack cocaine or powder cocaine?

18. Some people have religious beliefs or other personal beliefs which may prevent them from voting as jurors. Do any of you have any religious, moral or other beliefs which may affect your ability to return a verdict in this criminal case? In other words, is there anything that would prevent you from passing judgment on another human being?

## BIAS - CASE SPECIFIC

19. Has any member of the prospective jury lived in Carver Ranches area in Broward County, or know anyone who lives or lived in that area?

20. Does anyone have objections to federal agents legally taping conversations between a confidential informant and/or undercover agent and suspected criminals?

21. Does any member of the prospective jury believe that a co-defendant should not be permitted to testify against the defendant?

22. Some of the witnesses whom the government may call are cooperating with the Government in return for pleas of guilty to reduced charges and other considerations. This is called a plea bargain arrangement. Is anyone opposed to this type of plea bargaining or opposed to a cooperating witness who testifies truthfully and getting a sentence reduction?

23. This case involves the participation and possible testimony of an individual who was initially a confidential informant for the DEA, does any member of the prospective jury believe that it is wrong for law enforcement to direct or supervise a non-law enforcement individual to assist in an investigation?

24. Does anyone think that it is unfair to use a confidential informant posing as a drug buyer in order to catch drug traffickers?

25.   Does anyone feel that they need to see and hear testimony from the confidential informant before they can reach a verdict in this case?

26.   Is there anybody who does not want to be a juror, for whatever reason, in this case?

LAW OFFICES OF
### PHILIP R. HOROWITZ

Two Datran Center
9130 South Dadeland Boulevard
Suite 1910
Miami, Florida 33156

MEMBER OF FLORIDA AND
FEDERAL TRIAL BARS

**April 8, 2005**

TEL: (305) 232-1949
FAX: (305) 232-1963

Joseph Gibson, Esquire
19 West Flagler Street
Suite #311
Miami, Florida 33130

Re: <u>United States vs. Fred Carswell</u>
Case No.: 03-60264-CR-ALTONAGA

Dear Mr. Gibson;

Please be advised that on April 4, 2005 I was retained by the above-named defendant to be his attorney for all proceedings related to his appeal. I have enclosed for your review a copy of my notice of appeal that I filed that date in the district court.

I would appreciate it very much if you could contact me upon receipt of this letter so that I may make arrangements with you to obtain copies of Mr. Carswell's file so that I may begin preparation of his case.

Your anticipated cooperation in this regard is greatly appreciated and should you have any questions or if I can be of further assistance to you, please feel free to contact me.

Very truly yours,

PHILIP R. HOROWITZ

PRH/ms
Enc.

cc: Mr. Fred Carswell

# JOSEPH W. GIBSON P.A.
### ATTORNEY AT LAW

*JOSEPH W. GIBSON, ESQ.*
*PAULETTE CAMPBELL, ESQ.*

*19 WEST FLAGLER STREET*
*SUITE 620,*
*MIAMI, FLORIDA 33130*
*TEL: (305)-377-2525*
*Fax: (305) 377-2528*
*e-mail:joseph_gibson@bellsouth.net*

April 13, 2005

Philip R. Horowitz, Esq.
Two Datran Center
9130 South Dadeland Boulevard
Suite 1910
Miami, Florida 33156

Re: United States v. Fred Carswell
    Case No: 03-60264-CR-Altonaga

Dear Mr. Horowitz:

We are in receipt of your letter dated April 8, 2005 pertaining to the above-mentioned file. With regards to getting a copy of the file, we will send it to Black's copy service to have it copied. Once the file has been copied we will contact you so you can make arrangements to pay Black's and pick up your copy of Mr. Carswell's file.

Let me know if this arrangement is satisfactory with you.

Very truly yours,

Barbara De Vos
Paralegal

LAW OFFICES OF

## PHILIP R. HOROWITZ

Two Datran Center
9130 South Dadeland Boulevard
Suite 1910
Miami, Florida 33156

MEMBER OF FLORIDA AND
FEDERAL TRIAL BARS

May 27, 2005

TEL: (305) 232-1949
FAX: (305) 232-1963

Mr. Fred Carswell
Reg. No.: 63439-004
USP - Coleman
P.O. Box 1033
Coleman, Florida 33521

Re: <u>United States vs. Fred Carswell</u>
Case No.: 03-60264-CR-ALTONAGA

Dear Mr. Carswell;

I apologize for the lateness of this reply but I have received many letters from you in the past weeks and I want to reply to them all individually. First of all, I do enjoy reading them in that your perspective on the case is important in my mission to effectively represent you on appeal.

In your May 5, 2005 letter you wrote DE #195 on page 24 of your docket shows that exhibits were returned to Mr. Gibson. That is the normal procedure in federal court which is unlike state court in that respect. In state court, the clerk takes possession of all exhibits that are admitted into evidence forever. In federal court, the clerk only takes temporary custody of the exhibits and at the end of the trial, the exhibits that were admitted into evidence are returned to the party that admitted them.

Should you have any questions or if I can be of further assistance to you, please feel free to contact me.

Very truly yours,

PHILIP R. HOROWITZ

PRH/ms



# The Florida Bar
# Inquiry/Complaint Form

Please carefully review this inquiry/complaint form once you have included all information. Note that there is a requirement for you to execute the oath at the end of this form and that the oath must be administered by a notary public or any other officer authorized to administer oaths in your jurisdiction. False statements made in bad faith or with malice may subject you to civil or criminal liability. Further information may be found in the pamphlet "Complaint Against A Florida Lawyer?"

Your Name: **Fred Carswell, III**

Address: **FCC-USP-Coleman,   P.O. Box 1033**

City: **coleman**   State: **Florida**

Telephone: **N/A**   Zip Code: **33521-1033**

Is this your attorney? ____ Yes / **XX** No   If not, who is your attorney?

Name: **Philip R. Horowitz**

City: **Miami**   State: **Florida**   Zip Code: **33156**

Attorney's Name: **Joseph Gibson #344494**

Address: **119 W. Flagler St., Suite 311**

City: **Miami**   State: **Florida**

Telephone: **305-377-2525** Zip Code: **33130**

Two Datran Center

Address: **9130 S. Dadeland Blvd., Suite 1910**

Telephone: **305-232-1949**

DESCRIBE YOUR COMPLAINT, PROVIDE DATES AND FACTS OF ALLEGED MISCONDUCT
(Use a separate sheet if necessary. Do not write on the back of this form!)

This complaint comes before the Florida Bar against Attorney Joseph Gibson, for Attorney Gibson's violation of the Florida Bar's Rules of Professional Conduct, where Attorney Gibson, as my trial counsel, withheld material exculpatory evidence (video/audio recordings) which would have proved my innocence due to the fact that the recordings implicated another client of Attorney Gibson, whom Attorney Gibson therein protected by and through the withholding of the recordings in my trial. In arguendo, quoting Wheat v. United States, 486 U.S. 153 (1988), the Supreme Court of the United States has touched upon this matter holding that in successive representations such as mine and Attorney Gibson's other client, conflicts of interest may arise if the cases are substantially related or if the attorney reveals

Continued on Attachment

Under penalty of perjury, I declare the foregoing facts are true, correct & complete.

Signature

Sworn to and subscribed before me this ____ 11 ____ day of ____ May ____ 19 **2005**

Notary Public

My Commission Expires:

**FCC Coleman, Florida  Sumter County**

Subscribed and sworn before me this ____ 11 day of ____ May ____, 20 **05**

Case Manager

**RETURN TO THE FLORIDA BAR**   Authorized by the Act of July 7, 1955, as amended, to administer oaths (18 USC§4004.)

Continuation of Florida Bar Complaint
In re Fred Carswell, III

priveleged communications of the former client or otherwise divides his
loyalties.

In the instant matter at hand herein, it is evident that counsel assisted
the government's burden of proof by withholding the exculpatory recording
which would have exhibited to the jury that I am innocent of the charge for
which I was charged, and that the actual culprit of the crime is the
individual depicted in the recording. Although I am also depicted in the
recording, I am shown to be doing nothing more than eating food from a platter
(although the government alleged throughout the trial that I was holding
money from an narcotic transaction. Showing the recording would have revealed
to the jury that the platter in my hand was food and not narcotics. An
individual does not feast upon money in the manner of which the recording
depicts my movements and actions.

Attorney Gibson, for the foregoing reasons, is also consistently refusing
to turn over to my most recently retained appellate attorney, Attorney Phillip
Horowitz, the recording Gibson withheld during my trial, as well as the
pertinent discovery material associated with the subject recording and other
trial matters. This act also constitutes a clear and unequivocal violation
of the Florida Bar's Rules of Professional Conduct.

Finally, Attorney Gibson allowed me to be tried and convicted on offense
conduct which was subject to an indictment being returned against my father,
Fred Carswell, Jr., and not my person, Fred Carswell, III. The evidence
withheld by Attorney Gibson clearly shows that I, Fred Carswell Jr.'s son,
was wrongly tried and convicted of the charges at hand.

I request a senstive, yet urgent investigation into this matter, as
my ongoing federal imprisonment is the result of counsel's unprofessional
and conflictive behavior complained of herein.

Respectfully Submitted,

Fred Carswell, III

7/11/05

Mr. Fred Carswell, III   RECEIVED
Register No.
Federal Correctional Complex
Post Office Box 1033
Coleman, Florida 33521-1033 THE FLORIDA BAR - MIA

June 29, 2005

Mr. William Mulligan, Esquire
Staff Counsel, Florida Bar
444 Brickell Avenue
Suite M-100
Miami, Florida 33131

RE: Fred Carswell, III          Bar File No. 2005-71, 404(11M)

Dear Mr. Mulligan:

Please allow this letter to acknowledge receipt of Attorney Gibson's June 23, 2005 response to the claims I have presented to your attention in reference Attorney Gibson's numerous violation of the Florida Bar's Rules of Professional Conduct, coupled with my rebuttal thereof.

It is first important to highlight that my initial complaint simply alleged in pertinent part that Attorney Gibson (1) withheld material and exculpatory evidence during the course of my federal trial, inclusive of video and audio recordings which would have proved my innocence, based solely in part of Attorney Gibson's protecting the inculpatory evidence the video and audio recordings set forth towards another client of his; and (2) consistently refuses to turn over to my present attorney, Attorney Philip Horowitz, the recordings Attorney Gibson withheld during said trial.

A thorough review of Attorney Gibson's response to my complaint reveals a cloud of dust purported to confuse the issue at bar herein. As such, if you would please skip to page 10 at the last paragraph, which depicts Gibson stating that he "[p]ersonally entered into evidence every audio and video tape that was given me in discovery which had not already been placed in evidence by the Government."

Advancing this contention, I hereby certify that it would be beneficial to the investigation of this complaint if you took Attorney Gibson up on his offer and review the tapes in Attorney Gibson's possession in their entirety.

Specifically targeting the video tape of me 'eating food from a platter', this video was not shown to the jury, nor introduced during the trial by Attorney Gibson nor the Government. Instead, the Government caused to be made still photo stilts from the video to their advantage, showing what appeared to be me holding a "white something". It is the actual video, however, which shows me eating from this "white something" (white platter of food).

As for the file which Attorney Gibson has consistently failed to turn over to my present attorney, Attorney Philip Horowitz, I would beg this Office to please intervene and ensure that my present counsel is furnished this file IN IT'S ENTIRETY at a time suitable for Attorney Horowitz to prepare and adequate appeal on my behalf and correct the injustice done by Attorney Gibson.

While I find the letters attached to Attorney Gibson's response to be self-serving and not authentic enough to be considered as having been mailed to Attorney Horowitz, I cannot make that conclusion and would ask that you please contact Attorney Horowitz to confirm this matter.

With this, I respectfully trust your impartiality in this matter, and await your conclusion of the investigation initiated hereto. Thanks in advance for your time and consideration of this very unfortunate matter, and please have a very pleasant day hereinafter.

Respectfully Submitted,

Mr. Fred Carswell, III

cc:File/xv. 02-FLABAR
      Attorney Joseph Gibson
      Attorney Philip Horowitz

# Memorandum

**To:**   **File  Fred Carswell – Federal Case**

**From:**  bdv

**Date:**  June 15, 2005

**Re:**   **Attorney Horowitz**

On June 14, 2005 I placed a call to Mr. Horowitz's office. His answering machine came on so I left a message stating the nature of my call.

Around 5:30p.m. June 14, 2005 Mr. Horowitz telephoned our office and spoke with me.  I told him that I called because he had not responded to the letter that I wrote to him in April regarding the Carswell file.  Mr. Horowitz stated that he did not respond because his client feels he should not pay for the file.  I told Mr. Horowitz that he was privately retained.  At that point his demeanor became very condescending and rude and said "there is no Florida Bar Rule that says a private attorney must pay for the file, do I have to pay for the videos also?"  My response was "you are very rude and obnoxious, ask Mr. Gibson."

LAW OFFICES OF
PHILIP R. HOROWITZ

Two Datran Center
9130 South Dadeland Boulevard
Suite 1910
Miami, Florida 33156

MEMBER OF FLORIDA AND
FEDERAL TRIAL BARS

June 15, 2005

TEL: (305) 232-1949
FAX: (305) 232-1963

Mr. Fred Carswell
Reg. No.: 63439-004
USP - Coleman
P.O. Box 1033
Coleman, Florida 33521

  Re: United States vs. Fred Carswell
  Case No.: 03-60264-CR-ALTONAGA

Dear Mr. Carswell;

  Thank you for your June 6, 2005 letter that I received last Thursday. I have reviewed the contents of the letter and once again, I will do the best that I can to get each and every issue before the appellate court. As I told you, my goal is to be successful in your direct appeal thereby obviating the need for the filing of the §2255.

  For your information I spoke with Barbara of Mr. Gibson's office yesterday and she was very nasty to me. I foresee problems in securing your file from them. Her unbelievable position was that since I was retained, I must pay for the file. It sounds more and more like they are holding it hostage. I will keep you posted.

  Should you have any questions or if I can be of further assistance to you, please feel free to contact me.

    Very truly yours,

    PHILIP R. HOROWITZ

PRH/ms

# THE FLORIDA BAR

RIVERGATE PLAZA, SUITE M-100
444 BRICKELL AVENUE
MIAMI, FL 33131-2404

JOHN F. HARKNESS, JR.
EXECUTIVE DIRECTOR

305/377-4445
WWW.FLABAR.ORG

October 31, 2005

Fred Carswell, III, Reg. No. 63439-004
Federal Correctional Complex
Post Office Box 1033
Coleman, Florida 33521

**RE:** *Complaint by Fred Carswell, III against Joseph Wimbert Gibson, Jr.*
*The Florida Bar File No. 2005-71,404(11M)*

Dear Mr. Carswell:

Your complaint against the above referenced attorney has been referred to me for my review and appropriate consideration.

Having reviewed the entire grievance file, please be advised that your complaint does not evidence that the accused attorney has acted unethically or in violation of the Rules Regulating The Florida Bar. The reasons for this finding are as follows:

> You allege that attorney Gibson failed to put on exculpatory evidence in your criminal trial due to a conflict of interest, and further, that he has failed to provide your appellate attorney with a copy of your file. With regard to the latter, Mr. Gibson has contacted your appellate attorney regarding the file, but apparently an agreement regarding copying costs has not been reached. With regard to the exculpatory evidence, Mr. Gibson denies the existence of the tapes you describe, avers that he declined to represent the client to whom you attribute the conflict, and has provided a corroborating letter from the prosecuting attorney.

Accordingly, I have closed our file in this matter. Please be advised that my action does not preclude you from consulting with private counsel, nor does it preclude you from exercising any legal or equitable remedies which may be available to you.

Sincerely,

WILLIAM MULLIGAN
Bar Counsel

WM/ep

cc:    Joseph Wimbert Gibson, Jr., Esq.

1/23/06

Fred Carswell III
Register No. 63439-004
Federal Correctional Complex
Post Office Box 1033
Coleman, Florida. 32521-1033

RECEIVED

JAN 2 3 2006

THE FLORIDA BAR - MIA

January 18, 2006

Mr. William Mulligan
444. Brickell Avenue Suite M-100
Miami, Florida. 33131-2404

Dear Mr. Mulligan:

Time has past since this case was brought before you.
Complaint No. 2005-71,404(11 M). Joseph Wimbert Gibson Jr. vs.
Fred Carswell III. However as of today's date, I personally
have not received any documentations on the outcome of this
complaint. From this office, although I feel that it is important
to bring to your attention in Mr. Gibson's response to the
complaint dated June 24, 2005.

Mr. Gibson's position was that Mr. Carswell, was indebted
with his office a sum of thirty-thousand-dollars. And that his
office was not entitled to have to file of Case No. 03-60624
copied so that I can perfect my direct appeal to the United
States Court of Appeals. Also in Mr. Gibson's rebuttal Page
10, he speaks of reviewing the video tapes with this office
at your request.

I must bring to your awareness Mr. Mulligan, in October
2005. Mr. Gibson's office was paid for the said case file,
however all video/audio recordings have been destroyed, advancing
this contention, I hereby again certify that it would be
beneficial to the investigation of this complaint or direct

me to the executive directors branch that will handle the nature
of my request in a formal matter.

Sincerely,

Fred Carswell III
Register No. 63439-004
Federal Correctional Complex
Post Office Box 1033
Coleman, Florida. 33521-1033

- 2 -

Fred Carswell III
Register No. 63439-004
Federal Correctional Complex
Post Office Box 1033
Coleman, Florida. 33521-1033

7004 2890 0002 4430 0694

March 28, 2006

Mr. Gibson Joseph
19 West Flagler Street Suite 620
Miami, Florida. 33130

Dear Mr. Gibson:

Mr. Gibson, unfortunately the needs of one out weighed
the needs of many self-conscious no longer applies to todays
mankind blinded by greed and deceit. A man's life was taken
illegally indicted and convicted a fair judge wearing a robe
of honor and integrity was more than enough reason to fight
for my innocence did "Prophecy Fail", or was my life just a
shadow in the underside of the legal system.

Civil Activist, Attorney's from all areas even your closest
colleagues cannot understand why you failed to object to the
photo stilts of October 23, 2003. What was the motive? Mr. Gibson
through your Attorney Gary Glasser P.A. at Biscayne Building
Suite 1400 19 West Flagler Street. Miami, Florida. 33130, you
requested to pay for Case # 60264-CR-Altanoga. The most critical
peace of evidence needed is the video of October 23, 2003, that
has been destroyed why?

In Case No. 19950CF10A, the Appeal Court declined to address the affirmative issues finding that you failed to file a notice of appeal. In doing so court found that it was improper for you to raise arguments in a Answer Brief demanding Affirmative Relief without first filing a notice of cross-appeal.

Mr. Gibson, a man's dignity is something no-one can take away unless he lives the life of ESAU, Genesis 25-29. "The Truth" is very important deep inside you know the truth. A Jury Pardon, and wrong jury instructions on the other all I want is to talk to you. To make sure you understand the jury's verdict according to the 8 out-of 12 that has been cooperating with the on going investigation guilty was not there verdict.

Sincerely,

Fred Carswell III
Register No. 63439-004



# THE FLORIDA BAR

RIVERGATE PLAZA, SUITE M-100
444 BRICKELL AVENUE
MIAMI, FL 33131-2404

JOHN F. HARKNESS, JR.
EXECUTIVE DIRECTOR

305/377-4445
WWW.FLORIDABAR.ORG

May 9, 2006

Philip Robert Horowitz, Esq.
9130 South Dadeland Boulevard
Suite 1910
Miami, Florida 33156

RE:   *Complaint of Fred Carswell, III against Joseph Wimbert Gibson, Jr.*
      *The Florida Bar File No. 2005-71,404(11M)*

Dear Mr. Horowitz:

Pursuant to our conversation of May 2, 2006, this letter shall confirm your agreement to pay Mr. Gibson for copying costs associated with his providing you with copies of all documents and/or tapes from his client file with regard to Fred Carswell.   By copy of this letter, The Florida Bar is requesting that Mr. Gibson copy our office when providing said materials.

Thank you for your cooperation.

Very truly yours,

WILLIAM MULLIGAN
Bar Counsel

WM/ep

cc:     Joseph Wimbert Gibson, Jr., Esq.

LAW OFFICES OF

PHILIP R. HOROWITZ

Two Datran Center
9130 South Dadeland Boulevard
Suite 1910
Miami, Florida 33156

MEMBER OF FLORIDA AND
FEDERAL TRIAL BARS

May 12, 2006

TEL: (305) 232-1949
FAX: (305) 232-1963

Mr. Fred Carswell
Reg. No.: 63439-004
USP - Coleman
P.O. Box 1033
Coleman, Florida 33521

Re: <u>United States vs. Fred Carswell</u>
Case No.: 03-60264-CR-ALTONAGA

Dear Mr. Carswell;

After I mailed you the last letter, I received the attached certified letter from
Mr. Gibson regarding the availability of the audio and video tapes in your case. If it
your desire to get these tapes, please have your family contact me either way in order
that I may make the appropriate arrangements.

Should you have any questions or if I can be of further assistance to you, please
feel free to contact me.

Very truly yours,

PHILIP R. HOROWITZ

PRH/ms
Enc.

# JOSEPH W. GIBSON P.A.
### ATTORNEY AT LAW

JOSEPH W. GIBSON, ESQ.

19 WEST FLAGLER STREET
SUITE 620
MIAMI, FLORIDA 33130
TEL: (305)-377-2525
Fax: (305) 377-2528
joseph_gibson@bellsouth.net

**Certified Mail RRR**
**7003 2260 0003 6682 4395**
May 10, 2006

**Mr. Philip R. Horowitz, Esq.**
**9130 S. Dadeland Blvd.**
**Suite 1910**
Miami, Florida 33156-7858

Re: *Fred Carswell, III*

Dear Mr. Horowitz:

The audio and video tapes of your client Fred Carswell are ready to be picked up at:

Spire Audio Visual
24 NW 36th Street
Miami, Florida 33127
(305) 576-5736

The cost is $462.78.

Very truly yours,

Joseph W. Gibson, Jr., Esq.

cc. William Mulligan, Esq.
    Staff Counsel-Florida Bar

MAY 1 2 2006

THE FLORIDA BAR
AT RIVERGATE PLAZE SUITE M-100
Miami, FL, 33121-2404

May 11,2006


RE: Complaint of Fred Carswell III against Joseph W.Gibson
FLA-BAR No:2005-71-404-11(M)


Dear, Mr. Mulligan

Pursuant to your letter dated May 9,2006 inregards to
most recent conversation with Attorney Phillip R. Horowitz agree-
ing to pay for the case file No.03-60264 all documents and/or
tapes I ask this Office to review the contents entirely to attest
validity of the said material with Attorney Joseph W. Gibson
and Mr.Horowitz since Attorney Gibson has once turned over dis-
torted material.

I thank You in advance for Your time, and for giving
myself the opportunity to re-open the complaint against Attorney
Joseph W. Gibson once again I look forward to your response
on this very unfortunate matter.


Sincerly

FRED CARSWELL III
FCC .COLEMAN-USP
P.O.BOX 1033
COLEMAN,FL,33521

LAW OFFICE OF
Phillip R. Horowitz
Two DATRAN CENTER
9130 south Dadeland Blvd.
Miami,FL,33156                    May 17,2006


    RE: Attorney Joseph W. Gibson letter dated May 12,2006
    in reference to paying SPIRE AUDIO VISUAL for case 03-
    60264 Audio/Video tapes.


    Dear, Mr.Horowitz

    I must thank You for contacting the Florida Bar Counsel
William Mulligan to help bring this ongoing situation to a close
enclose you will find a copy of my response to Attorney Gibson
request.



                              Respectfully


                              FRED CARSWELL III
                              FCC COLEMAN-USP
                              P.O.BOX 1033
                              COLEMAN,FL,33521

ATTORNEY AT LAW
JOSEPH W. GIBSON
19 WEST FLAGLER STR. SUITE 620
MIAMI, FLORIDA 33130

May 17,2006

RE: To Case file No: 03-6024-CR-ALTONAGA

Dear Mr. Joseph W.Gibson
    In Regards to paying spire Audio Visual for Audio and
video recordings which you once handed over blank material what
makes the said material different from the Exculpatory Evidence
that you handed over in October of 2005. Please note as hired
Attorney it is your ethical duty to provide copies upon recieving
them..

    Ethical consideration EC2-32 in providing in pertinent part
that, "when withdrawal is moreso justifiable, a Lawyer should
protect the welfare of the Client by delivering to the client all
papers and property to subsequently employed and otherwise endea-
voring to minimize the possibility of harm.

    Mr. Gibson through your Attorney at Gray Glasser P.A. you
requested to be paid for Case file in which I was entitled to
upon representation. So again I refuse to pay SPIRE AUDIO VISUAL
or any other spy shop that deals in misconstruction.

Respectfully

FRED CARSWELL
FCC COLEMAN-USP
P.O.BOX 1033
COLEMAN,FL,33521

cc. To
Attorney Phillip Horowitz
Florida Bar Counsel
William Mulligan

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

D.C. DKt. No. 03-60264-CR-ALTON

REFERRED TO MAGISTRATE JUDGE WILLIAM TURNOFF


FRED CARSWELL III
                    Movant.

versus

UNITED STATES OF AMERICA,
                    Respondent.
_____/


REQUEST FOR DISCOVERY
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE
RULE 6 (a)(b)

NOW COMES the Defendant-Movant, Fred Carswell III, Herein Pro-Se and without the aid of counsel, and respectfully moves this Honorable Court to grant his request for discovery. The Defendant-Movant assumes the Court's familiarity with the extraordinary circumstances and strange facts of this case as well as the pre-trial detention hearing dated December 5, 2003, Movant respectfully requests that this Honorable Court provide Defendant Carswell his request for discovery, so that he may be afforded an opportunity to file a proper section 2255 motion pursuant to Federal Rules Of Civil Procedure Rule 6(a). In support thereof Movant-Defendant states the following:

1. Pending before this Honorable Court is the Defendant's motion ordering trial counsel Joseph W. Gibson to turnover the entire case file.

2.   Defendant Fred Carswell commenced trial on November 17, 2004 at the time of said trial Carswell was represented by attorney Joseph W. Gibson.

3. Assistant United States Attorney offered several witnesses who entered into plea agreements for a sentence reduction. Testimony supplied by these witnesses stated that Carswell was their supplier. Other evidence introduced was still photo stilts of what appeared to be Carswell delivering cocaine on October 23, 2003.

4. Following trial Defendant Carswell was convicted. Carswell then sought to attain a different Attorney, thus retaining and hiring Attorney Phillip R. Horowitz to perfect and represent Defendant Carswell's interests and Constitutional protections on direct appeal.

5. Thereafter, Carswell informed Attorney Horowitz that trial counsel never reviewed the documents of said case nor was he provided a copy. Carswell and Attorney Horowitz began to struggle back and forward with counsel (Gibson) for the case files forcing counsel Horowitz to file his initial brief to the Eleventh Circuit Court Of Appeals as a rule 29 Motion.

6. On May 2, 2005 Defendant-Movant filed a request for a Freedom Of Information Act/Privacy Act pursuant to Title 5, United States Code, section 552, for disclosure and production of the said file, see Exh. 13.

7. On June 9, 2005 and in an efford to attain Defendant's pertinent case file Carswell filed a complaint to the Florida Bar against Attorney Joseph W. Gibson, Bar file No. 71,404(1)(M) 2005. See Exh. 14.

8. June 12. 2004. Defendant-Movant Carswell's direct appeal was affirmed by the Eleventh Circuit Court Of Appeals. Had counsel Horowitz had the opportunity to review the above mentione -d file there's probable reason the outcome would have been different. Carswell was deprived counsel's professional duty to render legal assistance.

9. At this juncture. and in an efford to file a successful 2255 claim of counsel's unprofessional and conflictive behavior compla -ined herein Defendant-Movant Carswell wishes to be furnished with entire discovery including but not limited to any and all information. surveillance. video. written and audio documents obtained during the course of this investigation. any and all notes. pictures and statements and all information. documents. records obtained during original discovery.

## MEMORANDUM OF LAW

Pursuant to Federal Rules Of Civil Procedure Rule 6(a)(b) Rules governing section 2255 cases provides that "a party may invoke the processes of discovery available under the Federal Rules Of Criminal Procedure or Federal Rules Of Civil Procedure or elsewhere in the usages and principals of law if, and to the extent that, the Judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise ..." In Bracy v. Gramley, 520 U.S. 899, 904 (1997) quoting Harris v. Nelson, 394 U.S. 286, 299 (1969) the Court equated the "Good cause" standard of Rule 6(a) with an assessment of the discovery request as follows:, "Where specific allegations before the Court show reason to believe that petitioner may, if facts are

fully develope, be able to demonstrate that he is... entitled
to relief, it is the duty of the Courts to provide the necessary
facilaties and procedures for as adequate inquiry" 520 U.S.
at 908-09.

Without possessing these documents Defendant Carswell's
section 2255 petition is threaten upon where Defendant's petition
will address the existence of new evidence and will make a claim
of other similiarly important exculpatory evidence.

Premised upon published reports and complaints, it is a
reasonable conclusion to believe that such documents do exist.
However, disclosure is possible only through resort to Court
ordered discovery. Impeachment evidence improperly withheld
in violation of Brady, may have allowed Defendant to challenge
sentencing evidence is "material" to sentence imposed and require
-d a remand for new sentencing proceedings. See U.S. v. Weintraub
871, F.2d 1257 (5th Cir. 1989) section 2255 petition granted
because impeachment evidence improperly withheld in violation
of Brady, which would have allowed Defendant to challenge only
evidence which was "material" to sentence imposed and required
remand for new sentencing proceeding...

Moreover, Court ordered discovery is often very useful when
the petition alleges out-of-Court misconduct on the part of
the prosecution or law enforcement personnel similiar to Mr.
Paynes allegations that the prosecution failed to disclose exculp
-atory material at trial. See generally, United States v. Weintru
-b 871, F.2d 1257, 1259 (5th Cir. 1989) Indeed, it may be impooss
-ible to prove even a meritorous claim witout such Court ordered

-4-

discovery. <u>Payne v. Bell</u>, 89 F. Supp. 2d 967, 971 (W.D. Tenn 2000). See, <u>U.S. v. Weintraub</u>, 871 F.2d 1257, 1265 (5th Cir. 1989) thus the very evidence that parties agree would have been subject to "impeachment" if the government had properly revealed (Emrick's) pre-trial statements was incorporated in <u>Weintraub's</u> sentencing report. Moreover, the transcript of the sentencing proceedings reflects that the parties and the Court were aware that the amount of cocaine <u>Weintraub</u> distributed would have an impact on the lenght and nature of his punishment given these facts, the withheld impeachment evidence tended to undermine Emrick's trial testimony regarding the amount of cocaine <u>Weintrau -b</u> distributed... We conclude that the withheld impeachment evidence was material to <u>Weintraub's</u> punishment we vacate <u>Weintra -b's</u> sentence and remand for new sentencing Brady evidence need not tend to impeach a person who testified at trial or sentencing see, <u>E.G. Kyles</u>, 514 U.S. 419.

Defendant Carswell's argument shadow's <u>Weintraub</u>, had Assistant United States Attorney introduced the actual video recording    William's trial testimony would be found untrue. The withheld impeachment evidence tended to coincide with William -s post-arrest statement, in which he stated the crack cocaine was delivered by unidicted coconspiator on October 23, 2003 this critical piece of evidence the government caused to be made photo stilt's to strenghten their case.

While the Defendant-Movant cannot say with certainty who may be responsible for the non-disclosure nor can he say with certainty what particular documents do excist within the (DEA) premised upon the foregoing it is extremly likely that the trial

-5-

Court, prior to sentencing, should have been provided with what ever documentation exists' that suggests that Defendant Carswell conspired to the distribution of (265.55) grams of crack cocaine which was used for sentencing purposes.

The Supreme Court recently considered the facts of a far more egregious case and noted:

> The state here nevertheless urges, in effect, that "the prosecution can lie and conceal and the prisoner still has the burden to... discover the evidence" TR.of Oral Arg. 35. So long as the "potential existence" of prosecutorial misconduct claim might have been detected ID., 36. A rule thus declaring "prosecutor may hide, defendant must seek"is not tenable in a system constitutionally bound to accord defendants due process ordinarily, we presume that public officials have properly discharged their official duties, <u>Bracy v. Gramley</u>, 520 U.S. 899, 909 (1997); <u>United States v. Chemical Foundation Inc.</u>, 272 U.S. 1 14-15 (1926) we have several times under scored the special role played by American Prosecutors in the search for the truth in criminal trials, <u>Strickler</u>, 527 U.S. at 281 Accord, <u>Kyles</u>, 514 U.S. at 439-40 <u>United States v. Bagely</u>, 473 U.S. 667, 675 N6 (1985) <u>Berger</u>, 295 U.S. at 88 See, <u>Olmstead v. U.S.</u>, 277 U.S. 438, 484 (1928). (Brandies J. dissenting) Courts, to refrain from improper methods to secure a conviction...plainly resting upon the prosecuting Attorney, will be faithfully observed prosecutors dishonest conduct or unwarranted concealment should attract no judicial approbation. See, <u>Kyles</u>, 514 U.S. at 440 ( the prudence of careful prosector should not...be discourage.

Defendant CArswell's section 2255 motion will address the existence of new evidence and make a claim of other similary important exculpatory evidence, premised upon published reports and complaints, it is reasonable to conclude such documents do exist. However, disclosure is possible only through resort to Court ordered discovery prior to filing his motion, Carswell respectfully seeks this disclosure.

The following documents are particularly relevant to a fair disposition of these proceedings:

-6-

1. Any and all FBI 302 reports or inter/intra agency memoranda concerning any prospective investigation of DEA resulting from the September 5, 2003, to December 2, 2003. Any and all complaint filed with reports made to or reports prepared by DEA office of professional responsibilty AN investigative file No. GS-03-0141 entitled Fort Lauderdale group DO No. 2 the internal affairs report if any, prepared by the Broward County Sheriff.

## CONCLUSION

Because rule 6(a)(b) of the rule governing section 2255 proceedings permit the invocation of discovery and because the disclosure of such relevant evidence is important to determine whether Carswell is entitled to relief, the Defendant-Movant respectfully request this Court grant such order. As an alternative, the Defendant-Movant respectfully requests this Court to authorize the service of a subpoena on the office of professional responsibility, U.S. department of Justice, 1325 Pennsylvania Ave. 5th floor, Washinton, D.C. 20530 to secure such relevant documents. The service of a subpoena without Court order will merely precipitate a motion to quash.

WHEREFORE, I Fred Carswell III respectfully request that the relief sought in the request for discovery be in all respects granted.

Respectfully Submitted

Fred Carswell III
FCC Coleman-USP
PO. Box 1033
Coleman, Florida 33521

-7-

## CERTIFICATE OF SERVICE

I Fred Carswell III, Defendant-Movant of the foregoing, hereby certify that a copy of the foregoing Request for Discovery and Memorandum of Law in support of Request for Discovery pursuant to the Federal Rule Of Civil Procedure Rule 6(a)(b) has been furnished upon the interested parties by the United States Mail, postage pre-paid sufficiently, this _18 TH_ day of _JULY_ 2006.

Respectfully Submitted

Fred Carswell III
FCC Coleman-USP
PO. Box 1033
Coleman, Florida 33521

C.C.
Joanne Thaler Assistant United States Attorney
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, Florida 33394

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO. 03-~~60254~~-CR-ALTONAGA



**UNITED STATES OF AMERICA,**

　　　　Plaintiff,

vs.

**FRED CARSWELL, III,**

　　　　Defendant.

_____/

### ORDER

**THIS CAUSE** came before the Court on Fred Carswell's Request for Discovery Pursuant to Federal Rules of Civil Procedure Rule 6(a)(b), filed on July 25, 2006 (D.E. 239). Defendant argues that he requires discovery to prepare for a forthcoming motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

The Eleventh Circuit has held that "[w]hen a prisoner has not filed a motion to vacate his sentence, [ ] the 'prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is an indigent.'" *United States v. Warmus*, 151 Fed. Appx. 783, 787 (11th Cir. 2005)(quoting *United States v. Herrera*, 474 F.2d 1049, 1049 (5th Cir. 1973); *Skinner v. United States*, 434 F.2d 1036, 1037 (5th Cir. 1970)). *See also United States v. Moran*, 19 F.3d 1427 (1st Cir. 1994)("Appellant is not entitled to either discovery or an evidentiary hearing in the hope of uncovering some basis for collateral relief from his conviction"); *United States v. Lewis*, 605 F.2d 379 (8th Cir. 1979)(upholding district court's denial of plaintiff's transcript request where no suit had been filed pursuant to 28 U.S.C. § 2255).

Here, Defendant acknowledges that he has not yet filed suit pursuant to 28 U.S.C. § 2255.

Case No. 03-60264-CR-Altonaga

If Defendant files such a suit, he may subsequently re-file his motion seeking access to this Court's

records and transcripts. However, because no suit is pending, Defendant is not currently entitled to

discovery. Accordingly, it is

      **ORDERED AND ADJUDGED** that the Request for Discovery is **DENIED WITHOUT**

**PREJUDICE**.

      **DONE AND ORDERED** in Chambers at Miami, Florida this _6_ day of September, 2006.

_Cecilia M. Altonaga_
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

       Fred Carswell III
       FCC Coleman-USP
       P.O. Box 1033
       Coleman, FL 33521