UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60472-CIV-ALTONAGA/WHITE
(03-60264-CR-ALTONAGA)

FRED CARSWELL, III,  :
                     :
       Movant,       :
                     :
    v.               :
                     :
UNITED STATES OF AMERICA,  :
                     :
       Respondent.   :
_____/

GOVERNMENT'S RESPONSE TO MOTION TO
VACATE, SET ASIDE OR CORRECT SENTENCE
PURSUANT TO TITLE 28, U.S.C., SECTION 2255

The United States of America, by and through its undersigned Assistant United States Attorney, hereby responds to movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255, as follows:

STATEMENT OF THE CASE

On November 25, 2003, a federal grand jury in the Southern District of Florida returned an indictment charging movant and codefendants Witsell Williams, Jr., and Timothy Brown with conspiracy to possess with intent to distribute fifty grams or more of cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§841(a)(1), 846, and 841(b)(1)(A) (Count 1); possession with intent to distribute five grams or more of crack cocaine on or about September 26, 2003, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B), and 18 U.S.C. §2 (Count 6); possession with intent to

distribute five grams or more of crack cocaine on October 23, 2003, by movant and codefendant Williams, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B), and 18 U.S.C. §2 (Count 9); and possession with intent to distribute fifty grams or more of crack cocaine on November 6, 2003, by movant and codefendant Williams, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(A), and 18 U.S.C. §2 (Count 10) (CR-DE 3).

On July 29, 2004, a federal grand jury in the Southern District of Florida returned a superseding indictment that eliminated two codefendants and added codefendant Samuel Carswell, movant's uncle, to the conspiracy charge in Count 1, along with movant and Williams (CR-DE 94). The charge in Count 1 also alleged that the conspiracy had involved at least fifty grams of crack cocaine (id.). The superseding indictment further charged movant, along with codefendant Williams, with three substantive violations of 21 U.S.C. §841(a)(1) as follows: at least twenty grams of crack cocaine on September 26, 2003 (Count 2); at least thirty-five grams of crack cocaine on October 23, 2003 (Count 4); at least fifty grams of crack cocaine on November 6, 2003 (Count 5) (id.).

Movant entered a not guilty plea (CR-DE 110). On November 12, 2004, the United States filed an information, pursuant to 21 U.S.C. §851, advising movant of its intent to seek the enhanced penalty in the event of his conviction, based upon his prior convictions (CR-DE 157).

2

Movant proceeded alone to a jury trial that lasted from November 17, 2004, through November 24, 2004 (CR-DE 172, 173, 174, 177, 178, 179). On November 24, 2004, the jury returned a verdict finding movant guilty of Count 1 (conspiracy to possess with intent to distribute crack cocaine) and Count 4 (possession with intent to distribute crack cocaine) (CR-DE 180). The jury returned a not guilty verdict on Counts 2 and 5 of the superseding indictment (id.). In a special verdict form, the jury found that, in regard to Count 1, movant was responsible for more than 35 grams but less than 50 grams of cocaine base; in connection with Count 4, the jury found that movant was responsible for at least 35 grams of cocaine base (id.).

On March 23, 2005, the Court sentenced movant to concurrent terms of 360 months' imprisonment and eight years' supervised release (CR-DE 213; CR-DE 233, p. 38).

Movant appealed (CR-DE 214). On June 9, 2006, the Eleventh Circuit Court of Appeals affirmed movant's conviction and sentence in an unpublished decision (CR-DE 240). The Supreme Court denied certiorari on December 13, 2006 (CR-DE 243).

On April 2, 2007, movant filed this timely §2255 motion (CR-DE 244; CV-DE 1). On April 12, 2007, Magistrate Judge White ordered the government to respond to the motion on or before June 4, 2007 (CV-DE 8). On April 17, 2007, movant filed a motion to hold the §2255 motion in abeyance until he could retain private counsel for

3

the purpose of filing a memorandum of law in support of his §2255 motion (CV-DE 9). On April 18, 2007, Magistrate Judge entered a paperless order granting in part and denying in part the motion (CV-DE 10). The Court ordered that the case would not be stayed, but that movant would be allowed to file an amended motion or a supplemental brief if movant obtained counsel (id.). As of the filing of this response, the docket sheet reflects that movant has neither obtained counsel nor filed any supplemental pleading.

## STATEMENT OF FACTS

The facts of the offense are set forth in the government's brief on direct appeal at 2006 WL 2364721.

## MEMORANDUM OF LAW

Movant seeks relief based on the following claims:

1. His conviction violated the Double Jeopardy Clause of the Constitution;

2. His conviction was obtained in violation of the Sixth Amendment through the use of false and perjured trial testimony;

3. Ineffective assistance of counsel due to a conflict of interest; and

4. Ineffective assistance of trial counsel.

As set forth below, movant is not entitled to relief.

With respect to Claim Nos. 1 and 2, because movant did not raise these issues previously, either in the district court or on direct appeal, he is barred from raising them in this proceeding unless he can show cause excusing his failure to raise the issues

previously and actual prejudice resulting from the alleged errors, or a fundamental miscarriage of justice. Holladay v. Haley, 209 F.3d 1243, 1254 (11th Cir. 2000); United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000).

Movant asserts that ineffective assistance of counsel is the cause for his failure to raise the claim previously (See CV-DE 1, §2255 form, p. 10, ¶13). Although ineffective assistance of counsel may satisfy the cause exception to a procedural bar, it will do so only if a review of the claims movant complains counsel failed to raise were significant enough to have affected the outcome of the case. Holladay v. Haley, 209 F.3d at 1254; United States v. Nyhuis, 211 F.3d at 1344. Here, counsel cannot be considered ineffective for failing to pursue the claims as the failure to do so was not objectively unreasonable as discussed below. Consequently, these claims are procedurally barred.

The standard for ineffective assistance of counsel is found in the two-pronged test of Strickland v. Washington, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to

5

> deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders that result unreliable.

Id. at 687. The Supreme Court instructed that courts need not address both prongs "if the defendant makes an insufficient showing on one." Id. at 697; Marek v. Singletary, 62 F.3d 1295, 1298 (11th Cir. 1995).

With respect to the first prong of the test, the Supreme Court advised that counsel's performance should be evaluated for "reasonableness under prevailing professional norms." Id. at 688. The Eleventh Circuit has cautioned that a reviewing court "should presume effectiveness and should avoid second-guessing with the benefit of hindsight." Routly v. Singletary, 33 F.3d 1279, 1287 (11th Cir. 1994), cert. denied, 515 U.S. 1166 (1995), quoting Horton v. Zant, 941 F.2d 1449, 1460 (11th Cir. 1991), cert. denied, 503 U.S. 952 (1992); see also Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (When courts are examining the performance of an experienced trial counsel, the presumption that his conduct was reasonable is even stronger). Moreover, the Eleventh Circuit has recognized that, in view of the rules and presumptions set forth in Strickland, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir.), cert. denied, 516 U.S. 856 (1995),

6

quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir.), cert. denied, 513 U.S. 899 (1994). This is so because constitutionally acceptable performance is not narrowly defined, but rather encompasses a "wide range". Id. at 1511. The Court in Waters clarified the standard of competent assistance as follows:

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what more good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial ... We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

Id. at 1511-12, quoting White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992), cert. denied, 514 U.S. 1131 (1995). See also Sullivan v. Deloach, 459 F.3d 1097, 1108 (11th Cir. 2006) (the purpose of ineffectiveness review is not to grade counsel's performance, but to determine whether that performance fell within the broad range of what might be a reasonable approach to trial). Effective assistance, therefore, does not necessarily mean errorless assistance, and counsel's record must be judged in light of the entire record rather than specific actions. Green v. Zant, 738 F.2d 1529, 1536 (11th Cir.), cert. denied, 469 U.S. 1098 (1984). Clearly, tactical decisions must be accorded broad deference. Routly v. Singletary, supra, 33 F.3d at 1287; Weeks v. Jones, 26 F.3d 1030, 1036 (11th Cir. 1994), cert. denied, 513 U.S. 1193 (1995). Consequently, a petitioner seeking to rebut the

7

strong presumption of effectiveness bears a heavy burden. <u>Marek v. Singletary</u>, <u>supra</u>, 62 F.3d at 1298.

In order to establish prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland v. Washington</u>, <u>supra</u>, 466 U.S. at 694. The Supreme Court has held that *any* increase in the amount of prison time imposed on a defendant which is attributable to attorney error establishes prejudice. <u>Glover v. United States</u>, 513 U.S. 198 (2001).

To establish that appellate counsel was ineffective, movant must establish that appellate counsel performed deficiently and that the deficient performance resulted in prejudice. <u>Duest v. Singletary</u>, 967 F.2d 472, 476, 477 n.4 (11th Cir. 1992). Deficient performance alone, without a concomitant showing of resulting prejudice, is insufficient to establish a claim of ineffective assistance of counsel. <u>Joiner v. United States</u>, 103 F.3d 961, 963 (11th Cir.), <u>cert. denied</u>, 117 S.Ct. 1857 (1997). Prejudice will only be found when a review of the merits of the omitted claim establishes that said claim would have had a reasonable probability of success on appeal. <u>United States v. Nyhuis</u>, 211 F.3d 1340, 1344 (11th Cir. 2000); <u>Joiner</u>, <u>supra</u>, 103 F.3d at 963. "Appellate counsel is not ineffective for failing to raise claims 'reasonably

considered to be without merit.'" Nyhuis, supra, 211 F.3d at 1344, citing, Alvord v. Wainwright, 725 F.2d 1282, 1291 (11th Cir. 1984).

CLAIM NO. 1

Movant claims that his conviction violates the Double Jeopardy Clause. In support of this claim, movant states that the federal prosecution was a "sham prosecution" as it was "a tool of [his] prior state prosecution for related criminal charges" (CV-DE 1, p. 4, ¶12, Ground One). Movant offers no other information to support this claim.

It is well-settled that mere assertions or conclusory allegations of ineffective assistance of counsel without factual support are insufficient to sustain an ineffective assistance claim. Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992) (quoting United States v. Lawson, 947 F.2d 849, 853 (7th Cir. 1991). See also Tejada v. Dugger, 941 F.2d 1551, 1599 (11th Cir. 1991) (a petitioner is not entitled to habeas corpus relief when his claims are merely conclusory allegations unsupported by specifics or in the face of the record are wholly incredible), cert. denied, 502 U.S. 1105 (1992).

Because movant here has failed to provide any factual support for this allegation, this claim must be rejected.[1]

---

[1] The government notes that movant's federal prosecution for narcotics violations was separate and distinct from movant's state prosecution for a non-narcotics offense.

9

CLAIM NO. 2

Movant claims that his conviction was obtained in violation of the Sixth Amendment through the use of false and perjured trial testimony. Again, this claim is unsupported and conclusory as movant provides absolutely no factual support for the claim (CV-DE 1, p. 5, ¶12, Ground Two). Accordingly, this claim must also be dismissed.

CLAIM NO. 3

Movant alleges that trial counsel was ineffective due to a conflict of interest. In support of this allegation, movant claims that counsel's loyalty was to a "Jamir Mills" throughout his representation of him. Movant states that the "record supports [his] contention that 'Jamir Mills' was identified during the investigation of which [his] prosecution derived as a main supplier for the alleged Carswell organization" (CV-DE 1, p. 7, ¶12, Ground Three). Movant fails to identify which portion of the record allegedly supports this claim. This claim should also be dismissed as insufficient.

Movant bears the burden of establishing that an actual conflict of interest existed and that it adversely affected his counsel's performance. Mere allegations that a conflict of interest existed are insufficient; in order to prevail on a claim of ineffective assistance of counsel, movant must show actual and not speculative prejudice. Burger v. Kemp, 753 F.2d 930, 941 (11th

Cir. 1985), vacated on other grounds, 474 U.S. 806 (1985); United States v. Alvarez, 696 F.2d 1307, 1309 (11th Cir.), cert. denied, 461 U.S. 907 (1983). There is no Sixth Amendment violation where the conflict is irrelevant or hypothetical. United States v. Khoury, 901 F.2d 948, 968 (11th Cir. 1990); Lightbourne v. Dugger, 829 F.2d 1012, 1023 (11th Cir. 1987), cert. denied, 488 U.S. 934 (1988); United States v. Mers, 701 F.2d 1321, 1328 (11th Cir.), cert. denied, 464 U.S. 991 (1983).

The Eleventh Circuit repeatedly has held that in assessing whether "an actual conflict adversely affected cousnel's representation, '[a] petitioner need not show that the result of the trial would have been different without the conflict of interest, only that the conflict had some adverse effect on counsel's performance." Buenoano v. Singletary, 74 F.3d 1078, 1086 (11th Cir. 1996), quoting McConico v. Alabama, 919 F.2d 1543, 1548 (11th Cir. 1990). However, in distinguishing an actual from a potential conflict of interest, a defendant must point to specific instances in the record to support an actual conflict or impairment. Buenoano, 74 F.3d 1086 n.6; Smith v. White, 815 F.2d 1401, 1404 (11th Cir.), cert. denied, 484 U.S. 863 (1987); Barham v. United States, 724 F.2d 1529, 1532 (11th Cir.), cert. denied, 467 U.S. 1230 (1984). Specifically,

> [t]he defendant must make a factual showing of inconsistent interests and must demonstrate that the attorney made a choice between possible alternative courses of action, such

11

> as eliciting (or failing to elicit) evidence that favors an interest in competition with that of the defendant. "If the attorney did not make such a choice, the conflict remained hypothetical."

Buenoano, 74 F.3d 1086 n.6, quoting Barham, 724 F.2d at 1532. See also, United States v. Solomon, 856 F.2d 1572, 1581 (11th Cir. 1988); Mers, 701 F.2d at 1328; United States v. Risi, 603 F.2d 1993, 1995 (5th Cir. 1979).

In this case, movant has failed to demonstrate an actual conflict of interest that adversely affected his counsel's performance. Movant merely claims - again in conclusory fashion without any evidentiary support - that counsel was loyal to a "Jamir Mills."[2] Movant's allegation of a hypothetical conflict of interest is clearly insufficient to warrant relief. Accordingly, this claim must also be rejected.

CLAIM NO. 4

Movant contends that trial counsel was ineffective in that he: "(1) failed to investigate; (2) failed to subpoena critical witnesses exculpatory to Carswell to testify during the trial; (3) failed to show the surveillance audio tape of surveilling agents in its entirety before the jury; (4) failed to strike an impartial juror from Movant Carswell's jury panel; (5) failed to effectively impeach government witnesses; and (6) failed to object to the

---

[2] The government notes that "Jamir Mills" was not a codefendant in this case.

court's amendment of indictment (CV-DE 1, p. 8-9, ¶12, Ground Four). Again, movant offers no other information or factual support with respect to these allegations. Accordingly, they must be dismissed as conclusory and unsupported.

<u>CONCLUSION</u>

For the foregoing reasons, movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 should be denied.

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY


BY:   <u>s/Joanne Fine</u>
JOANNE FINE
ASSISTANT UNITED STATES ATTORNEY
FLORIDA BAR NO. 0063045
500 E. BROWARD BOULEVARD, 7TH FLOOR
FT. LAUDERDALE FL 33394
TEL. NO. (954) 356-7254
FAX NO. (954) 356-7336

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on   May  25, 2007  , I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served today by United States mail to movant who is not authorized to receive or did not receive the electronically filed Notices of Electronic Filing as indicated in the Service List below:

    Fred Carswell, III
    Reg. No. 63439-004
    USP-1 Coleman
    P.O. Box 1033
    Coleman FL 33521-1033

    s/Joanne Fine
    JOANNE FINE
    ASSISTANT UNITED STATES ATTORNEY