**FRED CARSWELL III,**
        Petitioner,

vs.

**UNITED STATES OF AMERICA,**
        Respondent,
_____/

### PETITIONER'S SUPPLEMENTAL TITLE 28 U.S.C. § 2255
### AND SUPPORTING MEMORANDUM OF LAW

COMES NOW, Petitioner, **FRED CARSWELL III**, (herein after Petitioner) by and through undersigned counsel with this his supplemental Title 28 U.S.C. § 2255 as per this Court's permission and in support counsel presents as follows:[1]

1. On April 02, 2007 Petitioner filed a *pro-se* Title 28 U.S.C. 2255 petition. (Cv. D.E. 1).

2. On April 17, 2007 Petitioner filed a *pro-se* motion to stay the proceedings in order to retain counsel. (D. E. 9)

3. On April 18, 2007 this Court denied the request to stay the proceedings, however, granted new counsel (once retained) an opportunity to file a proposed amended motion to vacate or a supplemental brief.

Petitioner provides this supplemental brief to the issues originally raised in the *pro-se* Title 28 U.S.C. § 2255 petition.[2]

---

[1] On 04/18/2007 this Court issued a TEXT entry in PACER allowing Petitioner to supplement his Title 28 U.S.C. § 2255 petition once counsel was retained.

**SUMMARY OF THE FACTS**

On July 29, 2004, a federal grand jury in the Southern District of Florida returned a superseding indictment charging Count 1 that alleged that Petitioner was charged in a conspiracy that involved at least fifty grams of crack cocaine in violation of Title 21 U.S.C. § 841 and Title 21 U.S.C § 846. The superseding indictment further charged Petitioner along with codefendant Williams, with three substantive violations of 21 U.S.C. §841(a)(1) as follows: at least twenty grams of crack cocaine on September 26, 2003 (Count 2); at least thirty-five grams of crack cocaine on October 23, 2003 (Count 4); at least fifty grams of crack cocaine on November 6, 2003. (Count 5)

Petitioner entered a not guilty plea (CR-DE 110). On November 12, 2004, the United States filed an information, pursuant to 21 U.S.C. § 851, advising Petitioner of its intent to seek the enhanced penalty in the event of his conviction, based upon his prior convictions (CR DE 157).

A jury trial that commenced on November 17, 2004, through November 24, 2004 (CR-DE 172, 173, 174, 177, 178, 179). On November 24, 2004, the jury returned a verdict finding Petitioner guilty of Count 1 (conspiracy to possess with intent to distribute crack cocaine) and Count 4 (possession with intent to distribute crack cocaine) (CR-DE 180). The jury returned a not guilty verdict on Counts 2 and 5 of the superseding indictment

In a special verdict form, the jury found that, in regard to Count 1, Petitioner was responsible for more than 35 grams but less than 50 grams of cocaine base; in connection with Count 4, the jury found that Petitioner was responsible for at least 35 grams of cocaine base.

On March 23, 2005, the Court sentenced Petitioner to concurrent terms of 360 months' imprisonment and eight years' supervised release (CR-DE 213; CR-DE 233, p. 38). An appeal

---

[2] For simplicity purposes should this Court desire, counsel will respond to all of the Government's position at once after they respond to these supplemental issues.

was sought in the Eleventh Circuit Court of Appeals, (CR-DE 214) and on June 9, 2006, the Eleventh Circuit Court of Appeals affirmed Petitioner's conviction and sentence in an unpublished decision (CR-DE 240).

A Writ of Certiorari was denied December 13, 2006 (CR-DE 243). On April 2, 2007, Petitioner filed his timely Title 28 U.S.C. § 2255 *pro-se* motion (CR-DE 244; CV-DE 1). On April 12, 2007, Magistrate Judge White ordered the government to respond to the motion on or before June 4, 2007 (CV-DE 8).

On April 17, 2007, Petitioner filed a motion to hold the Title 28 U.S.C. § 2255 motion in abeyance until Petitioner could retain private counsel for the purpose of filing a memorandum of law in support of his Title 28 U.S.C. § 2255motion (CV-DE 9).

On April 18, 2007, this Court entered a TEXT order granting in part and denying in part the motion (CV-DE 10). The Court ordered that the case would not be stayed, but that Petitioner would be allowed to file an amended motion or a

supplemental brief if Petitioner obtained counsel.

## **ARGUMENT**

**I. THE CONVICTION OF SENTENCE OF MR. CARSWELL IS VIOLATIVE OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN THE APPELLATE PHASE**

**A) The Performance Of Counsel For Mr. Carswell Fell Below An Objective      The Appellate Phases When Counsel Failed To Present For Review A Clear Amendment Of The Indictment During The Jury's Deliberation That Had Been Properly Preserved For Appeal**

In *Strickland v. Washington*, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984), the Supreme Court established a two prong test to govern ineffective assistance of counsel claims. To obtain reversal of a conviction or to vacate a sentence based on ineffective assistance of counsel the defendant must show: (1) that counsel's performance fell below an objective

3

standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's objectively unreasonable performance, the result of the proceeding would have been different. *Id*. 466 U.S. at 688-689; *Williams v. Taylor*, 120 S.Ct. 1495, 1512-16; 146 L.Ed.2d 389 (2000).

The Court stated that, "judicial scrutiny of counsel's performance must be highly deferential" and added that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance". *Id*

The Court clarified that this reference to "highly deferential scrutiny"[3] referred only to the first or performance prong of the test and meant that,

> "... the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"

*Id. Strickland v. Washington*, 466 U.S. at 689-691

Two years after its *Strickland* decision, the Court reaffirmed that this portion of the decision sets forth what test can be made in evaluating whether counsel was within the range of "reasonable professional assistance", or fell below an objective standard of reasonableness.[4] *Kimmelman v. Morrison*, 477 U.S. 365, 385-387, 91 L.Ed.2d 305, 106 S.Ct. 2574 (1986). *See also*: *Williams v. Taylor,* 120 S.Ct. 1495, 1512-16, 146 L.Ed.2d 389 (2000).

The Supreme Court noted that,

> "a single, serious error may support a claim of ineffective assistance of counsel."

*Id. Kimmelman v. Morrison*, 477 U.S. at 384.

The Court added that this "single serious error" could cause counsel's performance to fall "below the level of reasonable professional assistance", even where, "counsel's performance at

---

[3] The Court stated that "factors which may actually have entered into counsel's selection of strategies and ... may thus affect the performance inquiry ... are irrelevant to the prejudice inquiry." *Strickland v., Washington*, 466 U.S. at 695.

[4] This presupposes, for the instant argument, that the defendant provided counsel with complete and accurate information and did not place any restrictions on counsel's strategy. *Id. Strickland v Washington*, 466 U.S. at 691.

trial was "generally creditable enough", and even where counsel had made "vigorous cross-examination, attempts to discredit witnesses, and [an] effort to establish a different version of the facts." *Id*. 477 U.S. at 386.[5]

The government argued and the Court agreed that the determining factor was whether or not counsel's "single serious error" or "failure" was the result of, or attributable to, a trial "strategy". *Id.,* 477 U.S. 384-386; *Williams v. Taylor*, 120 S.Ct. 1495, 1512-16; 146 L.Ed.2d 389 (2000).

If the record does not "conclusively" demonstrate "strategic reasons" for counsel's failures, the district court entertaining a motion under 28 USC § 2255 must hold an evidentiary hearing.[6] *A subsequent affidavit from counsel will not suffice to establish a trial strategy, nor absolve the district court from the requirement of holding an evidentiary hearing.*[7]

The allegations of Mr. Carswell as to the "performance" of appellate counsel include the following:

---

[5] See also *Murray v. Carrier,* 477 U.S. 478, 496, 91 L.Ed.2d 397, 106 S.Ct. 2639 (1986) ("The right to effective assistance of counsel ... may in a particular case be violated by even an isolated error of counsel if that error is sufficiently egregious and prejudicial."); *Smith v. United States*, 871 F.Supp. 251, 255 & [n.8] (E.D. Va. 1994) (finding performance below constitutional standards for "failure to raise an objection to a clear and indisputable error in. the PSR", but pointing out that "error was an innocent inadvertence, and not indicative of the entirety of counsel's representation of petitioner, which was competent and effective in all other respects.); *United States v. Al King Jones*, 2001 U.S. Dist. LEXIS 1740 (ED. LA 2-9-01) (same)

[6] *See United States v. Burrows*, 872 F.2d 915, 918-919 (9th Cir. 1989); *United States v. Briggs*, 939 F2d 222, 228 (5th Cir. 1991); *United States v. Estrada*, 849 F.2d 1304, 1306-1307 (1st Cir. 1988) and *Virgin Islands v. Weatherwax*, 20 F.3d 572, 573 (3rd Cir, 1994); *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (petitioner entitled to evidentiary hearing on claim of ineffective assistance of counsel unless claim inadequate on its face or if records conclusively refute factual assertions of claim); *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994)(evidentiary hearing required unless § 2255 motion, files, and trial record "conclusively show" petitioner entitled to no relief) and *Nichols v. United States*, 75 F.3d 1137 (7th Cir. 1996) (same).

[7] *See Smith v. McCormick*, 914 F.2d 1153, 1170 (9th Cir. 1990) and *United States v. Giardino*, 797 F.2d 30, 32 (1st Cir. 1986) and *Lindhorst v. United States*, 585 F.2d 361, 365 (8th Cir. 1978).

## **CLAIM ONE**

1. During the jury deliberation, the Jury requested clarification whether they could find Petitioner guilty if they determined that the amount was less than that charged in the indictment. (Tr. November 24, 2004 at pg-8)

2. Trial counsel correctly requested a mistrial on the Court's improper amending of the indictment by allowing the jury to disregard the quantity as charged in the indictment and allow a verdict for a lesser amount. (Tr. November 24, 2004 at 14)

3. The District Court denied the mistrial request. (Tr. November 24, 2004 at 14)

4. The record was preserved for appellate purposes to allow the Court a meaningful review of the issue.

5. Appellate counsel having access to the complete case file, should have been aware that a proper objections was preserved, however, failed to present the issue on appellate review.

6. Counsel's omissions as set forth in ¶ 5 was not the result of reasoned decisions based on strategic or tactical choices made among all plausible options available to counsel for the defense of Mr. Carswell.

7. Counsel's omissions set forth in ¶ 5 was not the result of counsel's ***abdication*** of the duty and responsibility to advocate Mr. Carswell's case during the appellate phase.

**1. APPELLATE COUNSEL RENDERED INEFFECTIVE ASSISTANCE IN VIOLATION OF PETITIONER'S SIXTH AMENDMENT RIGHT WHEN HE FAILED TO PRESENT FOR APPELLATE REVIEW THAT THE DISTRICT COURT HAD AMENDED THE INDICTMENT BY ALLOWING THE JURY TO REACH A VERDICT ON A DRUG QUANTITY THAT IS LOWER THAN THAT CHARGED BY THE GRAND JURY IN THE INDICTMENT AND PRESENTED BY THE GOVERNMENT DURING THE TRIAL**

Petitioner provides that Appellate counsel was ineffective for failing to present for consideration in the Eleventh Circuit, whether the District Court had constructively amended the indictment by allowing the Government to disregard an element of the charged offense that was argued and presented to the jury during the opening arguments, during the trial and during the closing arguments of this case. The issue was properly preserved for appellate purposes.[8] (Tr.

---

[8] Even if trial counsel would not have objected, which he did, the minimum requirements of plain error would have sufficed to remand for a new trial. See, *United States v. Willoughby,* 27 F.3d 263 (7th Cir. 1994)]. The Eleventh Circuit Court of Appeals has also found constructive amendments to the Indictment to be per se reversible error, *see*

November 24, 2004 at pg 13) It was appellate counsel's failure to raise a meritorious issue on appeal that has reached the level of ineffectiveness and subsequent prejudice as presented under *Strickland.*

During the deliberation of the jury, a question was presented to the Court on whether a verdict could be returned on a lesser charged drug quantity than that presented in the indictment.[9] (Tr. November 24, 2004 at 7) Both defense counsel and the Government scrambled to resolve the matter for their benefit. (Tr. November 24, 2004 at 7-16)

The problem arose when the jury instructions directed the jury to find [Mr. Carswell] guilty if they find the drug quantity as charged in the indictment "was 50 grams or more." (Tr. November 24, 2004 at 10) However, the jury verdict sheet was allowed to find Mr. Carswell guilty "If you find less... [drug quantity]" *Id.* (Tr. November 24, 2004 at 10)

The indictment charged in Count I that the controlled substance "involved 50 grams or more and, in fact, at least 150." (Tr. November 24, 2004 at 10) During the presentation of the case to the jury, the Government argued to the jury directly that the conspiracy involved "50 grams or more of crack cocaine."[10] The Government presented the trial under the position that Petitioner had possessed and distributed a substantial amount of crack cocaine. And during the closing

---

ie *United States v. Cancelliere*, 69 F.3d 1116 (11th Cir. 1995); *United States v. Weissman,* 899 F.2d 1111 (11th Cir. 1990); *United States v. Keller,* 916 F.2d 628 (11th Cir. 1990) and compare *United States v. Salinas,* 601 F.2d 1050 (5th Cir. 1979).

[9] The jury questioned whether "50 grams was the least amount they could find the defendant guilty of." (Tr. November 24, 2004 at 9)

[10] This defendant was responsible for the ultimate distribution or sale of more than 250 grams of crack cocaine during approximately a two month investigation. *Id.*(Tr November 18, 2004 at pg 43, ¶-1); Fred Carswell ... agreed to sell and distribute this defendant's crack cocaine and together in their conspiracy they sold more than 250 grams of crack cocaine on 10 times during a two month time frame. *Id.* (Tr. November 18, 2004 at pg 60, ¶-21)

7

argument, the government correctly presented that they were required to prove that Mr. Carswell distributed 50 or more grams of crack cocaine.[11]

> The United States has to prove to you as to the conspiracy in this case three elements. First, that two or more people in some way or manner came to a mutual understanding to accomplish a common and unlawful plan as charged in this Indictment. Two, that the defendant, knowing of the unlawful plan, joined it and, ***three, that the object of the unlawful plan was to possess with intent to distribute 50 grams or more of a substance called crack cocaine.***

*Id.* Tr. November 23, 2004, pg. 34, ¶-23-25

The reason was obvious, since Title 21 U.S.C. § 841, *et al.,* sets the statutory maximum and ultimately the final guideline range on the greater drug quantity, the Government would present the minimum amount of crack cocaine required to trigger the statutory maximum sentence.

Accordingly, the indictment was drafted from the position that Petitioner was responsible for a minimum of 50 grams of crack cocaine. The jury was provided an instruction that they were required to determine that: "Pursuant to Title 21 U.S.C. § 841(b)(1)(a), it is further alleged controlled substance consisted of **50 grams or more,**"[12] followed by jury instructions requiring that "The evidence in the case *must show beyond a reasonable doubt is that it was 50 grams or more*."[13]

The Government in response to the jury's question, "back peddled" their position under the argument that the "third" element, (the drug quantity element) was not required to "find a violation." *Id.* (Tr. November 24, 2007, pg 12 ¶-13) And in response, the Court took the position that a proper solution to the matter was to allow the jury instructions to read that "... the object was to possess with intent to distribute a subsequent amount as charged" -- "That's on page 5 of

---

[11] The jury also took the indictment to deliberate the case with the charged offense of "50 grams or more of crack cocaine."

[12] This was the direct reading of the indictment to the jury for their deliberation, which was also taken by them to the jury room for consideration.

[13] This was the element presented in page 4 of the indictment.

8

the instructions. I'm only *amending the one paragraph, third element* on page 4." (Tr. November 24, 2007, pg 14 ¶-21)

It is Petitioner's position that the Court by lowering the Government's standard of proof required to prove beyond a reasonable doubt by allowing the removal of the drug quantity of 50 grams from the jury's consideration, amounted to an amendment of the indictment.

The grand jury frames the issues for which the Petitioner is put to trial; no one else may so do, *United States v. Leichtman*, 948 F.2d 370 (7th Cir. 1991), not a judge not a prosecutor. The *Leichtman* case was a constructive amendment issue after the Court adjusted the amounts to a specific "to wit" clause, much as was done in this case, but its proof was lessened or broadened by a jury instruction, which the Court determined to be reversible error [see also *United States v. Willoughby,* 27 F.3d 263 (7th Cir. 1994)]. The Eleventh Circuit Court of Appeals has also found constructive amendments to the Indictment to be *per se* reversible error, *see i.e. United States v. Cancelliere*, 69 F.3d 1116 (11th Cir. 1995); *United States v. Weissman,* 899 F.2d 1111 (11th Cir. 1990); *United States v. Keller,* 916 F.2d 628 (11th Cir. 1990) and compare *United States v. Salinas,* 601 F.2d 1050 (5th Cir. 1979).

Particularly of interest to the issue before this court is the case of *United States v. Wozniak.* 126 F.3d 105 (2nd Cir. 1997) The Court in that case, after the evidence varied from the indictment, gave the following instruction:

> [I]t does not matter that a specific count of the indictment charges that a specific controlled substance was involved in that count, and the evidence indicates that, in fact, a different controlled substance was involved. So long as you are satisfied that the government has proven beyond a reasonable doubt that some controlled substance was involved in the acts charged in that count of the indictment, it does not matter if such controlled substance is different than that alleged in that count of the indictment.

*Id.*

9

The Second Circuit reversed the conviction, holding in essence, that this constrictive amendment of the Indictment was per se reversible error, even in the absence of a showing of prejudice. *Id. Wozniak*, 126 F.3d at 109.

In the Eleventh Circuit decision in *United States v. Cancelliere*, 69 F.3d 1116 (11th Cir. 1995) the Court found that redacting the word "willfully" from an indictment charging defendant with "knowingly and willfully" committing the offense of money laundering was a constructive amendment of the indictment. *United States v. Cancelliere*, 69 F.3d 1116, 69 F.3d 1116, 1121 (11th Cir. 1995). The Eleventh Circuit noted that, though the term "willfully" was included by the government by mistake, the *charge was read to the jury at the beginning of the trial*,[14] the jury listened to defendant try to prove he acted in good faith, and then the district court "instructed them they could convict without mentioning any requirement that they find he acted willfully." *Id.* This redaction, the Court found, impermissibly broadened the scope of the indictment and mandated reversal. *Id.*

Also, the Court's opinion in *United States v. Weissman,* 899 F.2d 1111 (11th Cir. 1990) is more on point. *Weissman* involved three members of a crime syndicate that were convicted by a jury of RICO conspiracy. *Id.* at 1112. Count 2, the charge under which each appellant was convicted, alleged that defendants: [K]nowingly and willfully ... conspired ... with each other ... to commit offenses against the United States, that is, while employed by or associated with an enterprise, to wit, a group of individuals associated in fact known as the DeCavalcante Family of La Costa Nostra.... *Id.*

Throughout the trial, the government introduced evidence to link defendants with the DeCavalcante Family, and in its closing argument reiterated that the enterprise in which

---

[14] As in Petitioner's case, where the charge was read to the jury at the beginning of trial. (Trial Transcripts November 18, 2004, Opening Statements)

defendants were involved was that family.[15] *Id.* at 1112-13. The trial court's initial charge to the jury recognized that "enterprise" was defined in the indictment as the DeCavalcante Family. *Id.* at 1113.[16] Shortly after retiring to deliberate, however, the jury submitted a query to the trial judge asking, with respect to the RICO count, whether "enterprise" and DeCavalcante Family were synonymous. After entertaining argument, the district court responded that it was *not* necessary for the government to prove that the enterprise was the DeCavalcante Family "if there was an enterprise proved that meets the definition of the term." *Id.* The jury rendered its verdict on the following day, convicting appellants on all counts save one RICO conspiracy count.

On appeal, the Eleventh Circuit Court reversed appellants' convictions, finding that the district court's supplemental instructions constructively amended the indictment. *Id.* at 1115. The panel noted that the government could have used the general language of the statute to refer to the enterprise, but instead chose to specify that the appellants were associated with an enterprise, "to wit, a group of individuals associated in fact known as the DeCavalcante Family."[17] *Id.*

Petitioner presents that the *Weissman* decision completely encompasses, and resolves, the constructive amendment challenge raised here. As in *Weissman,* the indictment charged Petitioner with possession with "knowingly and intentionally combine conspire, confederate with intent to distribute a controlled substance" and the in the following paragraph alleged that "... pursuant to Title 21 U.S.C. § 841(b)(1)(a), it is ***further alleged the controlled substance consisted of 50 grams or more."*** *Id.* However, by allowing the jury to reach a verdict of less

---

[15] Similarly in Petitioner's case, the Government relied heavily on the drug quantities of 50 grams or more for their statutory benefit as per Title 21 U.S.C. § 841.

[16] The Jury's initial charge was that the Government was required to prove that' The evidence in this case must show beyond a reasonable doubt is that it [the charged drugs] was 50 grams or more." ... "The evidence must show that beyond a reasonable doubt." Id. (Trial Transcripts, November 24, 2007, pg 11)

[17] In Petitioner's case the Government could have charged a drug quantity that they could have easily proved, however, they chose to indict "50 grams or more" in order to establish a higher statutory maximum and a higher mandatory minimum sentence.

11

drug quantity than that alleged in the indictment, the Court amends the indictment and lowers the Government's standard of proof.

By establishing the 50 grams of crack cocaine as presented in the indictment, the government essentially charged a subset of the statutory crime. The jury, in response to its query, was informed that "quantity," in this case, was to be proven as presented in the Government's case and charged in the indictment. By [re]instructing the jury that it could find the defendant guilty of a different element than that charged in the indictment,[18] the district court unconstitutionally broadened the crimes charged in the indictment. The jury may well have acquitted Petitioner if they were required to find that alleged quantity of crack cocaine presented in the indictment.[19]

Accordingly, this Court must agree that appellate counsel has reached a level of ineffectiveness for his failure to raise for appellate review the District Court's amending of the indictment as charged by the Government.

## II. MR. CARSWELL WAS PREJUDICED AS A RESULT OF COUNSEL'S FAILURE TO PREPARE AND THE UNPROFESSIONAL ERRORS COMMITTED BY COUNSEL DURING THE APPELLATE PHASE

In writing for the majority in *Strickland v. Washington*, 466 U. S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984), Justice O'Connor stated the general rule that, actual ineffectiveness claims

---

[18] The Court erroneously allowed the jury to reach a different drug quantity than that charged in the indictment, thus lowering the Government's requirement to prove the charged "elements" beyond a reasonable doubt. As this Court is aware, Title 21 U.S.C. § 841(a)(1), (b)(1) and (c)(1) each charge the same violations of the Federal Drug statutes however, with different statutory maximum and minimum mandatory sentences. The Government by presenting to the Grand Jury 50 or more grams of crack cocaine, presented that can prove beyond a reasonable doubt that Petitioner distributed 50 or more grams of crack cocaine. The reason the Government chose the 50 or more grams of crack cocaine is to "elevate" the mandatory minimum as per Title 21 U.S.C. § 841(a)(1) due to the Title 21 U.S.C. § 851 motion that was filed due to Petitioner's prior convictions.

[19] This case revolved around cooperating witnesses and video and audio tapes. It is obvious that based on the jury's verdict that the veracity of the Government witnesses was "questionable."

alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice."

*Id.* 466 U.S. at 693, 80 L.Ed.2d at 697.

More specifically, Justice O'Connor set forth the now well known statement of the test for "prejudice" in claims of actual ineffectiveness of counsel as:

> "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

*Id.* 466 U.S. at 695, 80 L.Ed.2d at 698.

While the Court noted the government's, perhaps natural, inclination to argue that attorney error is harmless unless the defendant can show that "counsel's deficient conduct more likely than not altered the outcome of the case",[20] the Court specifically and explicitly rejected this argument by the government.

The Court further specifically rejected the application of the "actual prejudice" standard of *United States v. Frady*, 456 U.S. 152, 71 L.Ed.2d 816, 102 S.Ct. 1584 (1982), to claims of ineffective assistance of counsel, with the following admonishment:

> "The principles governing ineffectiveness claims should apply in federal collateral proceedings as they do on direct appeal or in motions for a new trial. As indicated by the 'cause and prejudice' test for overcoming procedural waivers of claims of error, the presumption that a criminal judgment is final is at its strongest in collateral attacks on that judgment. *See United States v. Frady*, 456 U.S. 152, 162-169, 71 L.Ed.2d 816, 102 S.Ct. 1558 (1982). An ineffectiveness claim, however, as our articulation of the standards that govern decision of such claims makes clear, is an attack on the fundamental fairness of the proceedings whose result is challenged. Since fundamental fairness is the central concern of the writ of habeas corpus, *see id.* at 126, no special standards ought to apply to ineffectiveness claims made in habeas proceedings."

---

[20]This, of course, means that the 'plain error" standard also does not apply to ineffective assistance of counsel claims. *Id. See United States v. Olano*, 507 U.S. 725, 735 (1993) (plain error "must be real and such that it probably influenced the verdict.")

*Id*. *Strickland*, 466 U.S. at 697-98, 80 L.Ed.2d at 700.[21]

The Court addressing an ineffectiveness claim should consider the totality of the factors which guided the decision maker in the challenged proceeding, then try to determine which factors were or were not "affected" by counsel's errors.

> "Taking the unaffected [factors] as a given, and taking due account of the effect of the errors on the remaining [factors] a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors."

*Id. Strickland v. Washington,* 466 U.S. at 696, 80 L.Ed2d at 699.

Where through "hindsight"[22] the Court can determine that, but for the errors of counsel, there is a "reasonable probability" of a different outcome, a probability sufficient to "undermine confidence" in the challenged proceedings, the defendant has affirmatively proven prejudice. *Strickland*, 466 U.S. at 694-95*; United States v. Glover,* 121 S.Ct. 696 (2001); *Williams v Taylor*, 120 S.Ct. 1495, 1512-16, 146 L.Ed.2d 389 (2000).[23]

The *Strickland* test for "prejudice" is applicable to cases where a criminal defendant is challenging his conviction or sentence due to actual ineffective assistance of counsel, in the

---

[21] *See Kimmelman v. Morrison*, 477 U.S. at 375, 393 and [n.1] (demonstration of "a reasonable probability" that the verdict would have been different constitutes "actual prejudice" in claims of actual ineffective assistance of counsel); *Oshorn v. Shillinger*, 861 F.2d 612, 626 and [n.13] (10th Cir. 1988) (same); *Smith v. United States*, 871 F.Supp. 251, 255 (ED. Va. 1994) (same).

[22]*Lockhart v. Fretwell*, 122 L.Ed.2d at 189-91; *Mayo v. Henderson,* 13 F.3d 528, 534 (2nd Cir. 1994) (prejudice determination, unlike performance determination, may be made with benefit of hindsight")

[23] In *Williams v. Taylor,* 120 S.Ct. 1495, 1512-16, 146 L.Ed.2d 389 (4-18-00), the Supreme Court recently, explicitly, rejected the theory that *Lockhart v. Fretwell,* 506 U.S. 364, 373, 122 L.Ed.2d 180, 189, 113 S.Ct. 838 (1993) somehow modified *Strickland* "to require a separate inquiry into fundamental fairness even when [petitioner] is able to show that his lawyer was ineffective and that his ineffectiveness probably affected the outcome of the proceeding". *Williams v. Taylor*, 120 S.Ct. 1495, 1512-116, 146 L.Ed.2d 339 (4-18-00). This construction of *Lockhart v. Fretwell,* was specifically addressed and rejected by the Supreme Court in *Williams v. Taylor*. The Supreme Court's holding in *Lockhart v. Fretwell*, was limited to circumstances where a "different outcome" would be contrary to the law. *Id. See also: Mays v. Gibson,* (10th Cir. 2000)(citing *Williams v. Taylor*, 120 S.Ct. 1495, 1512-16, 146 L.Ed.2d 389 (2000)); *Jackson v. Calderon*, 2000 US App. LEXIS 9049 (9th Cir. 5-8-2000) (same).

prosecution of his direct appeal, *Banks v. Reynolds*, 54 F.3d 1508 (10th Cir. 1995),[24] with the caveat that "prejudice" in this type of case is limited to the "outcome" of the direct appeal. It does not require the defendant to demonstrate that he would be "successful on remand"; only that there is a ***reasonable probability*** that he would have had his conviction arid/or sentence vacated and/or remanded to the lower court. *United States v. Mannino*, 212 F.3d 835 (2nd Cir. 2000). Specifically, Mr. Carswell has made specific allegations, in his Title 28 U.S.C. § 2255 petition that he was prejudiced by the objectively unreasonable performance of counsel in the appellate phases of his case as presented in the argument herein.

Based on the foregoing facts and law, Mr. Carswell has affirmatively pleaded "prejudice" in his case within the meaning of *Strickland v. Washington*, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984) and *United Stases v. Glover*, 121 S.Ct. 692 (2001); *Williams v. Taylor*, 120 S.Ct. 1495, 1512-16, 146 L.Ed.2d 389 (4-18-00); *Freeman v. Lane,* 962 F.2d 1252 (7th Cir. 1992) and *Orazio v. Dugger*, 876 F.2d 1508, 1513-14 (11th Cir. 1989).

This meritorious claim of ineffective assistance of counsel constitutes both an independent ground for relief and also constitutes "cause" allowing the Court to reach the merits of Mr. Carswell's claim of violation of his rights under the Sixth Amendment. *Freeman v. Lane*, 962 F.2d 1252 (7th Cir. 1992) (the "failure of appellate counsel to preserve on direct appeal, matters that will be deemed meritorious on collateral review constitutes cause" under the analysis of *Wainwright v. Sykes*, 433 U.S. 72, 87, 53 L.Ed 2d 594, 97 S.Ct. 2497 (1977) and *United Stases v.*

---

[24] *See also United States v. Williamson,* 183 F.3d 458, 462 (5th Cir. 1999) (holding that counsel was deficient because he did not "keep abreast of legal developments related to [Petitioner's] case" which would have revealed a solid and meritorious appellate issue); *United States v. Mannino*, 212 F.3d 835; 2000 U.S. App. LEXIS 10382 (2nd Cir. 2000); *Mayo v Henderson*, 13 F.3d 528 (2nd Cir. 1994); *Freeman v. Lane*, 962 F.2d 1252 (7th Cir. 1992); *Orazio v. Dugger*, 876 F.2d 1508 (11th Cir. 1989); *Matire v. Wainwright*, 811 F.2d 1430 (11th Cir. 1987); *Grady v. Artuz*, 931 F.Supp. 1048 (S.D.N.Y. 1996); *Daniel v. Thigpen*, 742 F.Supp. 1535 (M.D. Ala. 1990)

*Frady*, 456 U.S. 152, 167-68, 170 (1982)) (*citing Orazio v. Dugger*, 876 F.2d 1508, 1513-14 (11th Cir. 1989) (same)).

**WHEREFORE**, Petitioner Fred Carswell respectfully prays this Honorable Court **VACATE** his conviction and remand the case for a new trial.

### III. AN EVIDENTIARY HEARING IS NECESSARY AND WOULD BE USEFUL TO THE COURT

Title 28, United States Code, Section 2255 provides that a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released or for reduction of sentence may move the court which imposed the sentence to vacate, set aside or correct the sentence. This section also provides as follows:

> "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

*Id.* Title 28 U.S.C. § 2255

In the instant case as set forth in the Statement of Claim of the § 2255 motion, and the foregoing arguments, Mr. Carswell has pleaded, presented evidence, and argued the applicable law to demonstrate that his conviction sentence is violative of his Sixth Amendment right to effective assistance of counsel in the appellate process. The allegations are already well established by the files and records of this case. These allegations require an evidentiary hearing under well settled law. *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994)(evidentiary hearing required unless § 2255 motion, files, and trial record "conclusively show" petitioner entitled to no relief); *Virgin Islands v. Weatherwax*, 20 F.3d 572, 573 (3rd Cir. 1994)(petitioner entitled to evidentiary hearing on ineffective assistance of counsel claim where facts viewed in light most favorable to petitioner would entitle him to relief)*; Stoia v. United States*, 22 F.3d 766,

768 (7th Cir. 1994) (same); *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir 1994) (same); *Nichols v. United States*, 75 F.3d 1137, 1145-46 (7th Cir. 1996) (petitioner entitled to evidentiary hearing on claim of ineffective assistance of counsel when record inconclusive on issue); *United States v. Witherspoon*, 231 F.3d 923 (7th Cir. 2000).

Based on all of the foregoing, **MR. FRED CARSWELL** respectfully requests this Honorable Court to **ORDER** an evidentiary hearing where he can further develop the arguments presented herein.[25]

## CONCLUSION

**WHEREFORE** MOVANT **FRED CARSWELL** respectfully asks this Honorable Court to: (A) **ORDER** an evidentiary hearing as set forth in his Title 28 U.S.C. § 2255 motion; and, upon proof of his allegations herein, **ORDER** that Mr. **FRED CARSWELL'S** conviction be **VACATED**.

Done this 22nd, day of June 2007

s/ Henry Marines
Law Offices Henry E. Marines
Henry E. Marines, PA
Florida Bar # 702722
10300 SW 72 Street, Suite # 202
Miami, Florida 33173
(305) 412-4443 Office
(305) 704-8217 Fax
Email: hm@henrymarineslaw.com

---

[25] The arguments presented herein are merely for the purposes of establishing the requirements of an evidentiary hearing before this Court. Should this Court grant an evidentiary hearing, the reasoning, (if any) why appellate counsel did not raise the issue complained of herein can be further developed on the record.

## **CERTIFICATE OF SERVICE**

I HEREBY DO CERTIFY that on June 22, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

s/ Henry Marines
Law Offices Henry E. Marines
Henry E. Marines, PA
Florida Bar # 702722
10300 SW 72 Street, Suite # 202
Miami, Florida 33173
(305) 412-4443 Office
(305) 704-8217 Fax
Email: hm@henrymarineslaw.com
